Anna Marino, Respondent, v. The Prudential Insurance Company of America, Appellant.— In an action to recover on a policy of insurance for death of the insured by accidental means, it being claimed by defendant that death was due to suicide while decedent was sane or insane, judgment in favor of plaintiff reversed on the facts and a new trial granted, with costs to appellant to abide the event, upon the ground that the verdict of the jury was against the weight of the evidence. The appeal from the order denying the motion for a new trial upon all the grounds set forth in section 549 of the Civil Practice Act, except inadequacy, is dismissed, without costs, upon the ground that the motion was not made at the term at which the cause was tried, as required by said section. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

Thomas I. McCabe, Respondent, v. Interstate Iron & Steel Co., Defendant, and Interstate Scrap Iron Corporation, Appellant.— Appeal by one of two defendants in an action on contract (a) from a judgment in favor of plaintiff and against appellant and (b) from an order granting plaintiff partial summary judgment against appellant, on which the judgment appealed from was entered. Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The order and judgment rest solely upon certain admissions made by a former treasurer of appellant at an examination before trial. Since such witness was not an officer or employee of appellant when he was examined, and since this case does not come within recently enacted legislation (Laws of 1941, chap. 921██), his examination was not an examination of appellant and was " nothing more than the examination of a witness " (McGowan v. Eastman, 271 N. Y. 195, 198), who then had no power to bind the corporation through admissions. Furthermore, triable issues were raised by the pleadings and the affidavits used on the motion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.