ESSLEY SHIRT COMPANY, INC., Appellant, v. WILLIAM M. LYBRAND et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. The date for the examination to proceed shall be fixed in the order. The order of December 18, 1952, directing the examination of plaintiff by certain named officers, including its treasurer, Abraham L. Liebovitz, was made when the latter held such corporate office. The plaintiff there claimed and was granted the prior right to examine defendant. Special Term in its opinion on motion for reargument stated that "it does not appear that any prejudice will result to defendants if plaintiff is permitted to examine first." (*Essley Shirt Co.* v. *Lybrand*, 281 App. Div. 881, Record on Appeal, p. 221.) It now appears in an affidavit made by one of plaintiff's attorneys that eleven days after the prior order was made Abraham L. Liebovitz resigned as an officer of the plaintiff corporation. It further appears that negotiations had been carried on for six months prior thereto with the objective of obtaining the resignation of Abraham L. Liebovitz and the sale of his stock in the parent of plaintiff cor-

poration. It is not disclosed whether Liebovitz was a stockholder in plaintiff and, if so, whether he sold such stock. These facts were not revealed when plaintiff was urging its right to a prior examination of defendants. Such examination extended over almost two years and was not concluded until March, 1955. The examination of plaintiff by its officers was to commence on April 5, 1955. This motion to vacate the order insofar as it directed an examination of Abraham L. Liebovitz was made shortly prior thereto when Liebovitz's resignation was revealed. In the light of the unusual circumstances here presented, we conclude that the examination should proceed as ordered. We are not required to pass upon any question of the binding quality upon the corporation of Liebovitz's testimony, but hold that the defendants are entitled to proceed with the examination as previously ordered. Settle order on notice. Concur — Peck, P. J., Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [See *post*, p. 962.]