Matthew M. Levy, J.
This is a motion by the plaintiff to vacate the defendants’ notice to examine the plaintiff before trial, by Manny York, its president. Insofar as the plaintiff objects to the examination in general, the grounds relied upon are plainly meritless. But there is one issue presented here which does warrant some consideration.
As I have said, defendants desire to examine the plaintiff by its president. The plaintiff, however, desires to submit on its behalf one Judd York, a former vice-president. This substitution is objected to by the defendants. They argue that they are entitled to examine a present officer of the plaintiff corporation, and that they should not be required to examine one who is not.
A related issue usually arises when the party to be examined seeks to produce an officer or employee as the witness other than the one selected by the examining party. It is now well established that the examining party does not, in the first instance, have the right to choose who will depose on behalf of the corporate party being examined. The initial choice — to be made, of course, in good faith (Kozak v. 244 East 2nd Realty, 25 Misc 2d 437, 439) — rests with the latter, and, if the person so chosen has no or inadequate knowledge, or some other officer or employee of the corporation has more direct knowledge, there is adequate power to require the party to produce such additional witness (United States Overseas Airlines v. Cox, 283 App. Div. 31; Deutsch v. City of New York, 200 Misc. 864).
*558 Here, however, the party being examined has chosen as its witness one not now its officer or employee, and the question is whether that is permissible. In the circumstances presented in the case at bar, I hold that it is.
I recognize that, if the converse were in issue, and the defendants sought to examine the plaintiff by a former officer or employee, that would not be directed by the court (McGowan v. Eastman, 271 N. Y. 195, 198; Cocolicchio v. Emigrant Ind. Sav. Bank, 248 App. Div. 196), because a former officer or employee would not normally have the power to bind a party by way of any admissions he might make in his testimony (McCabe v. Interstate Iron & Steel Co., 262 App. Div. 777). But that rule is inapplicable here, for the critical point in the present case is not who it is whose deposition is taken, but, rather that the person presented by the party being examined before trial is indeed the deposing representative and spokesman of and for such party. In that event, I have no doubt that the testimony of the former officer will be taken by the trial tribunal in full measure as that of the corporate litigant (cf. Essley Shirt Co. v. Lybrand, 286 App. Div. 808, where the court did not pass upon the question of the binding quality on the plaintiff corporation of the testimony before trial of a former officer).
It is the claim of the plaintiff that the present president is seriously ill, and that to subject him to being examined is medically hazardous. It is the further claim of the plaintiff that the former vice-president of the plaintiff had in fact participated in the transaction involved in the litigation and that he has full knowledge of the facts.
In the circumstances, the plaintiff’s motion to vacate the notice of the defendants to examine the plaintiff before trial, is denied, but the notice will (upon condition that the plaintiff proffers a stipulation to the defendants in consonance with the tenor of this opinion) be modified so as to permit the plaintiff to appear for the examination by Judd York, its former vice-president, at such time and place as will be fixed in the order or as may be stipulated. Books and records are to be produced pursuant to section 296 of the Civil Practice Act. If the stipulation by the plaintiff is not forthcoming, the motion will be denied and the examination will be directed to proceed as specified in the notice to examine. Written suggestions as to the precise provisions of the stipulation to be required in compliance with the conditions hereinbefore specified will be received upon the settlement of the order.