■ TWO CLINTON SQUARE CORP., Appellant-Respondent, v COMPUTERIZED RECOVERY SYSTEMS, INC., et al., Respondents-Appellants. (Appeal No. 2.) —Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Plaintiff appeals from an order denying its application for an order requiring Bernard Cohen to be examined before trial as an officer of defendant corporation and for sanctions pursuant to CPLR 3126 by reason of defendant's failure to produce Cohen for examination after receipt of plaintiff's notice. Defendant responded that Cohen was no longer an officer, director or employee of the corporation, and that his present whereabouts are unknown. Special Term denied plaintiff's motion and granted defendant's motion for a protective order, without costs. Plaintiff's papers establish that it is entitled to examine Cohen as an officer of the defendant corporation under CPLR 3101 (subd [a]) (see *Essley Shirt Co. v Lybrand,* 286 App Div 808), and also alleged sufficient special circumstances to warrant Cohen's examination as a nonparty witness (CPLR 3101, subd [a], par [4]), if he can be located and served with a subpoena. However, absent any evidence that Cohen is within the control of defendant corporation, Special Term properly denied the application for sanctions at this time. The order is modified, however, to grant plaintiff leave to renew upon a showing that Cohen is under the control of defendant and by striking that portion of the order which grants defendants' application for a protective order. (Appeals from order of Onondaga Supreme Court—protective order, etc.) Present—Marsh, P. J., Simons, Dillon, Hancock, Jr., and Denman, JJ.