■ CENTRAL NATIONAL BANK, CANAJOHARIE, Appellant, v DONALD THORINGTON et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered October 23, 1984 in Schoharie County, which denied plaintiff's motion for a protective order.

Defendants are the principals of a corporation which ob-

tained a $20,000 mortgage loan from plaintiff, upon which both defendants executed a written guarantee dated December 27, 1973. Concomitantly, the corporation obtained another mortgage from John C. Fick and his wife in the sum of $46,000. Thereafter, plaintiff, as assignee of the Fick mortgage, obtained a default judgment against *the corporation* by stipulation in open court in the amount of $31,363.90. In the instant lawsuit, plaintiff seeks to hold defendants *individually* liable, contending that the December 27, 1973 written guarantee extended to all debts owed to plaintiff regardless of origin. The complaint also seeks recovery of counsel fees pursuant to the terms of the guarantee. After joinder of issue, defendants served a notice to take deposition upon oral examination which included a request to produce all underlying documentation relating to the Fick mortgage, including payment schedules, retainer agreements with plaintiff's attorney and all demands for payment. Plaintiff moved for a protective order seeking to strike defendants' documentation request in its entirety on the ground of immateriality, since the action sought to enforce a written guarantee, not to collect on the note or mortgage. Plaintiff contends that the discovery request was merely to harass. Special Term denied the motion and this appeal by plaintiff ensued.

It is well established that trial courts are vested with broad discretion in the supervision of disclosure *(Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915). CPLR 3101 (a) provides for the disclosure of all material and necessary evidence and is liberally construed in favor of disclosure *(Goldberg v Blue Cross,* 81 AD2d 995). A party seeking to prevent disclosure bears the burden of demonstrating the immunity of the items sought to be protected *(see, Graf v Aldrich,* 94 AD2d 823, 824). These principles in mind, we find Special Term's determination, with one exception, to be within the scope of its authority. The pivotal fact in this proceeding is the capacity in which defendants appear, i.e., as individuals. While the corporation may well have stipulated to the judgment which plaintiff presently seeks to enforce, defendants, as individuals, have yet to litigate the extent of their liability. Therefore, the underlying documentation sought may very well be pertinent to the defense. We do find that the retainer agreement between plaintiff and its attorney is immaterial since the claim for counsel fees is premised on the written guarantee and not the retainer. Accordingly, the order should be modified to the extent of excluding the retainer agreement from disclosure.

Order modified, on the law, without costs, by reversing so

much thereof as denied plaintiff's motion with respect to the retainer agreement between plaintiff and its attorney; motion granted and protective order issued to that extent; and, as so modified, affirmed. Main, Casey, Weiss and Levine, JJ., concur.

Kane, J. P., dissents in part and concurs in part in the following memorandum. Kane, J. (dissenting in part and concurring in part). The "GUARANTEE OF ALL LIABILITY" for the account of Thor-Don Builders, Inc., dated December 27, 1973, was executed by defendants in their individual capacity, duly acknowledged as such in the presence of a notary public, and remains in full force and effect at all relevant times herein. The default judgment against Thor-Don Builders, Inc., was entered on October 28, 1981 upon the stipulations of defendant Donald Thorington, as president of the corporation.

In my view, the language of the guarantee leaves no question but that the individual defendants are responsible for the corporate indebtedness. Accordingly, any information sought to be disclosed herein would be irrelevant and plaintiff would be entitled to a protective order on all issues. Special Term's order should therefore be reversed in its entirety and plaintiff's motion for a protective order granted.