■ GREGORY PEARCE, Respondent, v FJC SECURITY SERVICES, INC., Appellant, and CITY OF NEW YORK et al., Respondents. (And a Third-Party Action.) [748 NYS2d 372] —Order, Supreme Court, Bronx County (Betty Stinson, J.), entered on or about March 3, 2002, which, in an action for personal injuries sustained when plaintiff, a resident of a homeless shelter operated by defendant-respondent City and at which defendant-appellant provided security guards, was stabbed by another shelter resident, granted appellant's motion to vacate the note of issue and for further depositions and discovery only to the extent of directing respondent to produce for deposition one of the two witnesses whose depositions are sought, unanimously modified, on the facts, to vacate the note of issue and direct respondent to produce the undeposed witness, and otherwise affirmed, without costs.

It appears that the assailant had assaulted another shelter resident very shortly before he stabbed plaintiff, and that security measures were, or should have been, in place to bar his reentry into the shelter. It further appears that one or both of the two "community assistants" that appellant wants to depose may have been stationed at the front desk, may have known of the earlier assault, may have informed security that the assailant was not to be allowed entry, and may have witnessed the assailant's entry. It further appears that the witness produced by respondent, the director on duty that night, was informed of

the assailant's entry by one of the two community assistants, but she could not say which. We are satisfied that both of these witnesses may have observed events relevant to the issue of appellant's liability, and that both may have material and necessary information. Accordingly, we modify to direct the deposition of the undeposed witness and vacate the note of issue (22 NYCRR 202.21 [e]), which, we note, was filed after appellant had served its notices to take the community assistants' depositions. Further discovery was properly denied since the documents sought are irrelevant, privileged or were previously produced. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.