■ THOSE CERTAIN UNDERWRITERS AT LLOYDS, LONDON, et al., Appellants, v OCCIDENTAL GEMS, INC., Respondent, and INTERINGS, INC., et al., Appellants. [841 NYS2d 225]—

Order, Supreme Court, New York County (Leland DeGrasse,

J.), entered June 6, 2006, which denied plaintiffs' motion to confirm, and granted defendant-respondent's cross motion to reject, the report of the Special Referee to supervise disclosure, affirmed, with costs.

The Gembel Group is a multinational diamond conglomerate which owns companies throughout the world. Gembel Israel 1982 (Gembel) is an Israeli company owned by Prabodh Mehta, Rashmi Mehta, Kismore Mehta, and Vijay Mehta.[1] Gembel owns Occidental Gems, Inc. (Occidental), a New York corporation in the business of diamond sales and trading, and a defendant here. Plaintiffs are various insurance underwriters who issued policies to the Gembel Group and other companies affiliated with them, including Occidental. Anita Mehta Vyas, sister of the four Mehta brothers, became involved in the operations at Occidental after the departure of Pravin Mehta. In June 1997, Occidental brought an action against Interings,[2] Americast and Prakash Mehta to recover $9,096,637, for polished diamonds allegedly sold to Americast and Interings from 1986 to 1996. In August 1998, Occidental served an amended complaint adding Pravin Mehta as a defendant, and adding causes of action for civil RICO violations against Pravin and Prakash.

The Gembel Group and Occidental then filed a statement of claim with plaintiffs seeking $10,478,776, for losses including diamonds stolen and delivered to defendant Interings, Inc. They asserted that the jewel theft was the result of infidelity by Pravin and Prakash Mehta. Plaintiffs refused to pay the claim and then brought this action for a declaration that the losses claimed by Occidental were not fortuitous, and thus were not covered under the subject policies. Defendant Occidental answered and denied the allegations in the complaint. It asserted various affirmative defenses and a counterclaim for the full amount of the claimed loss under the insurance policies.

The case is presently in discovery. Pursuant to CPLR 3104, the IAS court directed that all disclosures be supervised by a Special Referee. Plaintiffs moved to compel the appearance of Vijay Mehta for a deposition in New York. He is a member of the Gembel Group who lives in Belgium. Also, plaintiffs sought production of documents from an arbitration which was pending in Belgium involving Gembel's owners. Occidental is not a party to that Belgian arbitration.

---

1. The four owners of Gembel Israel 1982 are siblings. They are not related to defendants Pravin Mehta and Prakash Mehta.

2. Interings is a New York Company specializing in the manufacture and sale of diamond jewelry. Pravin Mehta set up Interings to bring his brother Prakash from India, and to provide employment for him. Occidental was Interings' main diamond supplier.

After considering submissions and arguments on the motion, the Special Referee issued a report recommending that Vijay Mehta be produced in New York to be deposed, and that the requested documentation from the Belgian arbitration be turned over to plaintiffs. Plaintiffs moved to confirm the report and defendant Occidental cross-moved for an order vacating it. The IAS court vacated the Special Referee's report and this appeal ensued.

The IAS court's determinations when overseeing discovery will not be disturbed absent an improvident exercise of discretion (*Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190 [2005]; *Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [2003]). Part of the exercise of this discretion is to determine whether a Special Referee's recommendations are supported by the record (*see Di Mascio v General Elec. Co.*, 307 AD2d 600, 601 [2003]; *Riverside Capital Advisors v First Secured Capital Corp.*, 292 AD2d 515 [2002]).

Here, the motion court properly determined that the evidence did not support the Special Referee's recommendations. Vijay Mehta should not be required to travel to New York to submit to a deposition. He is not an officer, director, member, agent or employee of Occidental (CPLR 3101 [a] [1]). Nor is there any evidence that Occidental had control over Vijay Mehta sufficient to compel his appearance in New York (*see Broyles & Broyles v Rainbow Sq.*, 125 AD2d 933 [1986]; *and see Two Clinton Sq. Corp. v Computerized Recovery Sys.*, 63 AD2d 853 [1978]).

Moreover, Prabodh Mehta, Vijay's brother, was subjected to an extended deposition. His testimony revealed that Prabodh and Vijay were privy to the same information regarding operations at Occidental, and, specifically that they both pressed Anita to file a claim for insurance. Anita Mehta Vyas, the president of Occidental, was also deposed. She testified that Prabodh and Vijay told her to put together the relevant documents and meet with attorneys to pursue the insurance claim. Anita testified that she thereafter had her attorneys prepare the insurance claim. The testimony of Prabodh and Anita indicates that these witnesses had knowledge equivalent to that possessed by Vijay with respect to Occidental's insurance claim. Thus, the court properly concluded that Vijay did not possess nonduplicative "material and necessary" information pertinent to the disputed issues (*cf. Pearce v FJC Sec. Servs.*, 298 AD2d 242 [2002]).

The motion court also properly rejected the Special Referee's recommendation that respondent produce documents and testimony from a confidential arbitration proceeding in Belgium, to which Occidental was not a party. That arbitration concerns

a dispute among the four brothers regarding their respective interests in the Gembel Group. Given the important public interest in protecting the rights of parties who submit to confidential arbitration, the court correctly concluded that no aspect of the Belgian arbitration, to which Occidental is not a party, may be subject to compulsory disclosure in this litigation. Concur—Mazzarelli, J.P., Catterson and Malone, JJ.

Nardelli and Buckley, JJ., dissent in a memorandum by Nardelli, J., as follows: I respectfully dissent to the extent that I vote to reverse the order of Supreme Court, grant plaintiffs' motion to confirm the report of the Special Referee to the extent indicated herein, and deny defendant's motion to reject that report.

It is well established that while the trial court is afforded broad discretion in supervising disclosure, this Court is vested with the corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse by the trial court (*Mann v Cooper Tire Co.*, 33 AD3d 24, 29 [2006], *lv denied* 7 NY3d 718 [2006]; *Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]).

The scope of disclosure set forth in CPLR 3101 is "generous, broad, and is to be construed liberally" (*Mann v Cooper Tire Co.*, 33 AD3d at 29; *see also Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). CPLR 3101 (a) entitles a party to "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." What constitutes "material and necessary" includes " 'any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 406; *see also Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 376 [1991]). Moreover, every request for discovery must be gauged in the context of the particular case in which it is made and in light of the evidence presented to the court (*see e.g. Andon v 302-304 Mott St. Assoc.*, 94 NY2d at 747).

A party seeking to establish that additional depositions are necessary must demonstrate that the representative already deposed provided inadequate information or had insufficient knowledge, and that there is a substantial likelihood that the person or persons sought for depositions possess information that is material and necessary to the prosecution of the case (*Saxe v City of New York*, 250 AD2d 751, 752 [1998]; *Filpo v Linemaster Switch Corp.*, 244 AD2d 454 [1997]).

In the matter at bar, I agree with the Special Referee that Anita Mehta Vyas "knows nothing of consequence" and "has no knowledge of the transactions at issue." Anita, who apparently became involved in the operations of Occidental Gems after the fraud which gave rise to the insurance claim, testified at a deposition that she had no knowledge of Occidental's record keeping, memo procedures, profit and loss margin, or business volume during the relevant time period. In addition, Anita stated she had no personal knowledge of the ownership of Interings and Americast, the two companies implicated in the fraud, and then acknowledged that the basis of her belief that Interings was a Gembel company was derived from a brochure. Accordingly, I find it clear that Anita had insufficient knowledge of Occidental, and its operations, during the time period in question.

The testimony of Prabodh Mehta, the second representative produced by Occidental, can best be described as either deliberately evasive or hopelessly confused. Prabodh did state that: Vijay was the most knowledgeable regarding the underlying insurance claim as he handled the insurance; Vijay met with the insurance brokers and made the underlying claim; Prabodh does not know the basis of the claim, and his knowledge of the amount sought to be recovered comes from a document someone else prepared; and Vijay handled Occidental's finances with Americast, Interings and Henri Carre, which transactions are at the very heart of the underlying claim.

In sum, it appears that Prabodh has very limited, if any, firsthand knowledge of the underlying transactions or of the claim itself and, what knowledge he does allege to possess, appears to be secondhand, with Vijay as its source. Accordingly, I further find that Prabodh has insufficient knowledge of Occidental, and its operations, during the relevant time period.

With regard to Vijay, in light of the evidence presented, I find his testimony would be material and necessary to plaintiffs' case. Vijay oversaw the financial transactions of Occidental with Interings and Americast; was, by Prabodh's admission, the most knowledgeable concerning the insurance claim; filed the insurance claim and dealt with the lawyers and insurance brokers involved with the claim; and, by defendant's admission, currently enjoys a cordial business relationship with Pravin Mehta, whose purportedly felonious dealings spawned the insurance claim and ensuing lawsuits. Indeed, Vijay, to the exclusion of Prabodh, and without his knowledge, made an offer to Interings to purchase that company and, concomitantly, settle the underlying debt. Tellingly, Prabodh acknowledged at his deposition that Vijay possessed such authority. In view of this, it is

clear that Vijay is, at the least, an agent of Occidental and must be produced by Occidental for a deposition.

With regard to the confidential arbitration proceeding in Belgium, I conclude that the testimony of Prabodh given at a deposition held on September 26, 2005, and the related documents, are material and necessary to this matter, and that defendant has failed to meet the burden of establishing the immunity of these items (*Central Natl. Bank v Thorington*, 115 AD2d 829, 830 [1985]). Accordingly, the testimony and documents should be provided to plaintiffs on a confidential basis.