**Eisenberg v Amazon Logistics, Inc.**

2025 NY Slip Op 30378(U)

January 30, 2025

Supreme Court, New York County

Docket Number: Index No. 150852/2022

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LISA S. HEADLEY**     PART     **28M**

*Justice*

-------------------------------------------------------------------------------X

ERIC EISENBERG,

                Plaintiff,

                - v -

AMAZON LOGISTICS, INC.,ALPHA CARTING COMPANY,
BETA CARTING COMPANY, BERNARD WILSON,
ANTONIO DOE, KURT ROE

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150852/2022 |
| MOTION DATE | 10/08/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 137, 138, 139, 140, 141, 142, 143, 144, 147, 148, 149, 150, 151, 152, 153, 154

were read on this motion to/for            DISCOVERY            .

Plaintiff Eric Eisenberg ("Plaintiff") filed this motion for an Order, pursuant to *CPLR §3124,* compelling Defendant Bernard Wilson ("Wilson") to produce all responsive documents. *(See, NYSCEF Doc No. 137)*. Defendant Wilson filed opposition and Plaintiff filed a reply. *(See, NYSCEF Doc. No. 147 and 150)*.

In the motion, Plaintiff argues that Wilson failed to respond to Plaintiff's Notice for Discovery and Inspection dated April 26, 2024, within 20 days, and any objection by Wilson to the Notice for Discovery and Inspection has been waived based on any ground other than privilege and palpable impropriety. Therefore, plaintiff seeks this Court for an Order to compel Wilson to produce all responsive documents.

In opposition, Wilson asserts that on July 12, 2024, he filed a response to Plaintiff's Notice for Discovery and Inspection. Wilson also claims he raised specific objections to demands that are subjects of privilege and palpable impropriety. The requests for productions that are at issue in this motion are Plaintiff's April 26, 2024, Notice for Discovery and Inspection, Paragraphs 11, 12, 15, 19 and 21.

**Plaintiff's April 26, 2024, Notice for Discovery and Inspection – Paragraph 11**

Specifically, the plaintiff's Notice of Discovery and Inspection, paragraph 11 states:
**"Produce any document containing identifying information (including but not limited to names, dates of birth, addresses, phone numbers, email addresses, and ID numbers) of Defendants/Cross-claim Defendants ANTONIO "DOE and/or KURT "ROE," who were sued under fictitious names as their true**

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**
**Motion No.  003**

Page 1 of 4

[* 1]

**identity were unknown to Plaintiff, or of any other package delivery worker or driver at the scene of the Incident."**

Defendant Wilson argues his objection to a response to paragraph "11" is based on the request being overbroad, confusing, palpably improper, and not reasonably calculated to lead to the discovery of admissible evidence. To the contrary, the plaintiff argues that such identifying information for Antonio "Doe" ("Antionio"), Kurt "Roe" ("Kurt") and any other package delivery worker or driver at the scene of the incident is proper. Plaintiff asserts that Antonio and Kurt were eyewitnesses to the incident and were also working with defendant Wilson.

Here, this Court finds that the requested documents and the disclosure of nonparty witnesses' names are material and necessary, as they bear on the causes of action in this litigation. *See, Pearce v FJC Security Services*, No. 1925, 298 A.D.2d 242, 243 (N.Y.A.D. 1 Dept., Oct. 17, 2002). As such, defendant Wilson is directed to answer Item number 11 for the purposes of identifying the named defendants and witnesses.

**Plaintiff's April 26, 2024, Notice for Discovery and Inspection – Paragraph 12**

The plaintiff's Notice of Discovery and Inspection, paragraph 12 states:
**"Produce any document describing, referencing or concerning any expert who has been or will be retained by a defendant or a defendant's attorney to testify at trial in this action, including without limitation documents concerning each such expert's qualifications, education, licenses, certifications, training, professional affiliations and associations, prior litigation consulting engagements, transcripts of prior testimony during the previous ten years, and the subject matter and the substance of all opinions held by the expert with respect to the Incident, Plaintiff, and/or a defendant."**

Wilson's objection to paragraph "12" is based on privilege and attorney work product. Wilson argues the demand seeks attorney work product, confidential and privileged communications, and materials gathered in preparation for trial. Subject to and without waiving the foregoing objections, and those incorporated by reference, Defendant submit that they have not yet retained any expert witness(es). If and when such witnesses are retained, the expert witness will be disclosed in accordance with the CPLR. Plaintiff did not provide opposition to this objection.

This Court finds that Wilson shall be directed to answer Item number 12, when and if defendant retains an expert witness.

**Plaintiff's April 26, 2024, Notice for Discovery and Inspection – Paragraph 15**

The plaintiff's Notice of Discovery and Inspection, paragraph 15 states:
**"Produce any document describing, referencing, or concerning Plaintiff."**

**150852/2022   EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

[* 2]

Defendant Wilson argues that this demand seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues in opposition that the requested documents would concern Plaintiff and Wilson's only interaction during the March 21, 2021, incident at issue in this case.

The Court finds that Defendant Wilson is directed to not answer Item number 15 because it is overly broad.

### Plaintiff's April 26, 2024, Notice for Discovery and Inspection – Paragraph 19

The plaintiff's Notice of Discovery and Inspection, paragraph 19 states:

**"Produce any document concerning, referencing, or filed in any civil lawsuit (other than this action) in which Your Employer is or was a defendant in which claims were asserted that Your Employer was negligent in their hiring, supervision, and/or retention of you."**

Wilson's objection to paragraph "19" is based on palpable impropriety. Defendant Wilson argues that this demand seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant asserts that he is not in possession of documents responsive to this request. Plaintiff did not provide opposition to this objection.

The Court finds that Defendant Wilson is directed to not answer Item number 19 because it is overbroad and unduly burdensome.

### Plaintiff's April 26, 2024, Notice for Discovery and Inspection – Paragraph 21

The plaintiff's Notice of Discovery and Inspection, paragraph 21 states:

**"Produce any document reflecting, evidencing, describing, referencing, or concerning any calls made or received by you or in which you participated, including without limitation telephone calls and FaceTime calls, from 2 pm until midnight on March 21, 2021."**

Defendant Wilson argues that Plaintiff lacks a basis for this demand, and it is palpably improper and not reasonably calculated to lead to the discovery of admissible evidence. In opposition, Plaintiff argues the production of limited call records could identify witnesses that could testify to statements that Wilson made regarding the incident, both during the incident and in its immediate aftermath.

The Court finds that Defendant Wilson is directed to not answer Item number 21 as there lacks a basis for such demand.

Accordingly, it is hereby

**ORDERED** that Plaintiff Eric Eisenberg's motion for an Order, pursuant to *CPLR §3124,* to compel responses to discovery is GRANTED in part, and is further

[* 3]

**ORDERED** that Defendant Wilson is directed to provide the responses/and or documents to the Notice for Discovery and Inspection Paragraphs 11 and 12, only, and as directed herein, within 20 days from the date of this Order, and defendant is directed to not respond to Paragraphs 15, 19, and 21; and it is further

**ORDERED** that the parties are directed to proceed with discovery in a good faith and expeditious manner; and it is further

**ORDERED** that the parties shall complete a compliance conference order within 30 days of this Order; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

_____
**1/30/2025**
**DATE**

**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150852/2022  EISENBERG, ERIC vs. AMAZON LOGISTICS, INC. ET AL**
**Motion No.  003**

**Page 4 of 4**

4 of 4

[* 4]