Dorilton Capital Mgt. LLC v Stilus LLC (2025 NY Slip Op 05744)

Dorilton Capital Mgt. LLC v Stilus LLC

2025 NY Slip Op 05744

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Index No. 652428/23|Appeal No. 4980|Case No. 2025-01239|

[*1]Dorilton Capital Management LLC et al., Plaintiffs-Appellants,
v
Stilus LLC et al., Defendants-Respondents.

Mayer Brown LLP, New York (Rory K. Schneider of counsel), for appellants.
Downs Law Group, P.A., Jacksonville, FL (Jeremy Friedman of the bar of the State of Florida, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 21, 2025, which, to the extent appealed from as limited by the briefs, directed discovery of the electronic devices of nonparty Peter de Putron, unanimously reversed, on the law, without costs, and the order vacated to the extent it ordered said discovery.
Plaintiffs are a group of corporate entities that own and operate a Formula 1 racing team. Defendant Stilus LLC is a public relations consulting firm owned and operated by defendant Claudia Schwarz, with whom plaintiffs contracted to perform marketing and public relations services. Nonparty Peter de Putron is an outside investor in plaintiffs who resides in the island country of Jersey in the United Kingdom. Plaintiffs brought this action alleging that defendants breached their contracts and engaged in fraud by overbilling them for services provided, causing approximately $7 million in damages. On December 16, 2024, plaintiffs moved to seal an unredacted version of a brief they filed in opposition to a motion not at issue on this appeal. In its order denying plaintiffs' motion to seal, Supreme Court stated, "discovery of Mr. de Putron's electronic devices is entirely appropriate both as to jurisdictional discovery and as to merits issues and must go forward."
As an initial matter, the order appealed is reviewable. To the extent the part of the order from which plaintiffs appeal was made sua sponte, we exercise our discretion to deem the notice of appeal to be a motion for leave to appeal and grant such leave (see e.g. Trafelet v Trafelet, 217 AD3d 644 [1st Dept 2023]; Alveranga-Duran v New Whitehall Apts., L.L.C., 40 AD3d 287, 289 [1st Dept 2007]). Matter of Joycelyn E. v Julianna R., relied upon by defendants, is distinguishable because unlike there, the record before us is sufficient for review (234 AD3d 477, 478 [1st Dept 2025]). Moreover, although the decretal paragraphs in the order appealed did not explicitly direct discovery of de Putron's devices, it is sufficient that the body of the order states, "discovery of Mr. de Putron's electronic devices . . . must go forward."
As to the merits of the appeal, Supreme Court improperly directed the discovery of de Putron's electronic devices. First, "when discovery is sought from a nonparty in a foreign jurisdiction [that is a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (23 UST 2555, TIAS No. 7444 [1970]), application of the . . . Convention . . . is virtually compulsory" (Orlich v Helm Bros., 160 AD2d 135, 143 [1st Dept 1990]). An order directing discovery of such a party without complying with the Hague Convention is therefore an "improper assertion of power beyond the . . . Court's jurisdiction" (Matter of Agusta, 171 AD2d 595, 595 [1st Dept 1991]). As it is undisputed that de Putron is a nonparty in a foreign jurisdiction that is a signatory to the Hague Convention, Supreme Court lacked the power to direct discovery of his electronic devices without complying with the Hague Convention.
Furthermore, there is no indication that plaintiffs have control over de Putron sufficient to compel him to participate in discovery in this action (see e.g. Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 41 AD3d 362, 364 [1st Dept 2007], affd 11 NY3d 843 [2008]). Even if de Putron controls plaintiffs, that does not mean plaintiffs control him (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 2006 NY Slip Op 30530[U], *3 [Sup Ct, NY County 2006], affd 41 AD3d 362 [1st Dept 2007], affd 11 NY3d 843 [2008]).
Finally, defendants' failure to meet the "heightened standard" of materiality that governs international discovery constitutes a third, independent basis for reversal (Richbell Info. Servs., Inc. v Jupiter Partners L.P., 32 AD3d 150, 157 [1st Dept 2006]). In order to be entitled to discovery of de Putron's electronic devices, defendants were required to demonstrate that the electronic devices in question would contain information "crucial to the resolution of a key issue in this litigation" which they failed to do (Azria v Azria, 184 AD3d 419 [1st Dept 2020]; see also Kahn v Leo Schachter Diamonds, LLC, 139 AD3d 635, 635 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025