Seymour v Hovnanian

2026 NY Slip Op 02380

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Whitney Seymour et al., Appellants,

v

Ara Hovnanian et al., Respondents.

Ara Hovnanian et al., Third-Party Plaintiffs-Respondents,

Autun Contractors, et al., Third-Party Defendants.

Decided and Entered: April 21, 2026

Index No. 154579/16, 595896/16|Appeal No. 6428-6429-6430-6431|Case No. 2025-02354, 2025-00342, 2025-02250|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Lundin PLLC, New York (Niall D. O'Murchadha of counsel), and Mazer PLLC, New York (Jonathan Mazer of counsel), for appellants.

Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered December 17, 2024, which granted defendants' motion for leave to amend the answer, unanimously affirmed, without costs. Order, same court and Justice, entered March 26, 2025, which denied plaintiffs' motion for discovery related to defendants' new counterclaim, unanimously affirmed, without costs. Order, same court and Justice, entered April 14, 2025, which denied plaintiffs' motion for partial summary judgment, unanimously affirmed, without costs.

This action arose from property damage and toxic dust infiltration into plaintiffs' townhome due to renovations conducted on defendants' townhome. The two townhomes share a party wall.

The motion court providently exercised its discretion in granting defendants leave to amend their answer to include a counterclaim for a setoff (see CPLR 3025[b], [c]; Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]). Defendants' proposed counterclaim seeking recoupment of potential increased costs to be paid due to plaintiffs' alleged delays was not palpably insufficient or devoid of merit (see Trataros Constr., Inc. v New York City Hous. Auth., 34 AD3d 451, 452-453 [2d Dept 2006]).

The motion court properly exercised its discretion in denying plaintiffs' motion to compel additional depositions and document discovery from defendants (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 41 AD3d 362, 364 [1st Dept 2007], affd 11 NY3d 843 [2008]). The setoff counterclaim seeks to establish the reasons for plaintiffs' delays in complying with a 2020 order, and for the increase in their estimated remediation and repair costs for the work specified in the 2020 order from approximately $514,000 to over $9 million in the ensuing four-year period. Any alleged delays by defendants would not be material to defendants' setoff claims predicated on plaintiffs' delays and alleged failure to mitigate costs.

Plaintiffs' motion for partial summary judgment was correctly denied. Plaintiffs read terms into the parties' license agreement that are not there (see NFL Enters. LLC v Comcast Cable Communications, LLC, 51 AD3d 52, 59 [1st Dept 2008]). The terms of the license agreement, which permitted defendants' contractors to access plaintiffs' townhome on specified conditions did not require that defendants promptly pay for first class repairs to all damaged soft contents regardless of their actual value prior to the construction work. The agreement also did not require defendants to pay simply upon plaintiffs' submission of a bill for such costs, nor did it define the term "first class." On this record, factual issues exist as to plaintiffs' entitlement to costs to remediate any dust contamination from its selected soft content possessions.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026