■ SURGICAL DESIGN CORPORATION, Appellant, v JAMIR CORREA et al., Respondents. [727 NYS2d 462] —In an action, *inter alia,* to recover corporate property and funds, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated October 15, 1999, as denied its application to strike a certain letter submitted by the defendants in motion papers on the ground that the letter was a privileged communication, for a protective order restraining the defendants from further disclosing the letter, and to impose a sanction on the defendants.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff commenced this action, *inter alia,* to recover corporate property and funds from the defendants, two of its former employees. The plaintiff moved for leave to amend its complaint, and the defendants, among other things, opposed the motion, alleging that the plaintiff had unclean hands. In support of their argument, the defendants submitted a letter from the plaintiff's Brazilian counsel to the plaintiff, copies of which had been sent to the defendants, advising the plaintiff that its export practices were fraudulent under Brazilian law. The plaintiff argued that this document was privileged under

CPLR 4503, and, *inter alia,* sought to have it stricken from the defendants' motion papers.

Although the subject letter qualifies for the attorney-client privilege (*see,* CPLR 4503), it is not protected by that privilege because it relates to client communication in furtherance of a fraudulent scheme (*see, Alexander v United States,* 138 US 353; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4503:5, at 580-582; *see also, Matter of Grand Jury Subpoena Duces Tecum* dated Sept. 15, 1983, 731 F2d 1032; *Matter of Grand Jury Proceeding [Doe],* 56 NY2d 348). Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.