ULICO CASUALTY COMPANY et al., Respondents, v WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER et al., Appellants. PROFESSIONAL INDEMNITY AGENCY, INC., et al., Nonparty Appellants. [767 NYS2d 228]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered April 28, 2003, which granted plaintiffs' motion to compel defendant law firm and nonparty appellants Professional Indemnity Agency, Inc. (PIA) and Legion Insurance Company to produce documents, subject to in camera review of those documents listed in appellants' respective privilege logs, and directed defendant law firm to serve answers to plaintiffs' interrogatories to which objection had been raised based upon the attorney-client privilege, unanimously affirmed, without costs.

The complaint alleges that defendant law firm assisted nonparty appellants "in a scheme to convert Ulico trustee and fiduciary liability insurance policyholders to Legion coverage" for appellants' mutual benefit. Conflict of interest is asserted during the firm's representation of plaintiffs as the result of its advice and assistance to PIA "(a) in establishing its relationship with Legion and (b) in breaching its duties to Ulico."

The attorney-client privilege (CPLR 4503 [a]; 3101 [b], [c]) "may give way to strong public policy considerations" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 380 [1991], citing *Matter of Priest v Hennessy*, 51 NY2d 62, 67-68 [1980]), and may not be invoked where it involves client communications that may have been in furtherance of a fraudulent scheme, an alleged breach of fiduciary duty or an accusation of some other wrongful conduct (*see Surgical Design Corp. v Correa*, 284 AD2d 528, 529 [2001]; *Woodson v American Tr. Ins. Co.*, 280 AD2d 328 [2001]; *see also In re John Doe, Inc.*, 13 F3d 633, 636 [2d Cir 1994]; *Madanes v Madanes*, 199 FRD 135, 145-146 [SD NY 2001]). Furthermore, a trial court is vested with broad discretion to supervise the discovery process, and its determinations in that respect will not be disturbed in the absence of demonstrated abuse (*see United Airlines v Ogden N.Y. Servs.*, 305 AD2d 239, 240 [2003]; *Cho v 401-403 57th St. Realty Corp.*, 300 AD2d 174, 176 [2002]). Testimony regarding conversations between principals of nonparty appellants and a member of the firm as well as the settlement of a related federal action brought by Ulico against PIA and Legion supports the IAS court's conclusion that probable cause exists that a "fraud was attempted or committed and that the communications were in furtherance thereof," warranting an exception to the attorney-client privilege in favor of disclosure. Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.