■ SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of UNITED COMMUNITY INSURANCE COMPANY, Respondent, v CHASE MANHATTAN BANK, Formerly Known as CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), et al., Appellants. [840 NYS2d 479]—

Crew III, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered September 27, 2006 in Schenectady County, which, inter alia, denied defendants' cross motions for summary judgment dismissing the complaint.

At all times relevant hereto, the Lawrence Group, Inc. was a New York corporation and holding company owned by Albert Lawrence and Barbara Lawrence. The Lawrence Group, in turn, was comprised, in relevant part, of Lawrence Agency Group and Lawrence Insurance Group, the latter of which included subsidiaries in the form of United Community Insurance Company (hereinafter UCIC) and what ultimately became known as United Republic Insurance Company.

Between 1988 and 1992 defendants, various financial entities, entered into credit and lending agreements with the Lawrence Group and its various affiliates, which were secured by substantial consideration. Although the Lawrence Group made all scheduled payments to defendants, it periodically was found to be in breach of certain covenants put in place to monitor its

financial performance. Over time, financial difficulties ensued, and the Lawrence Group amassed a debt to defendants in excess of $27 million, the recovery of which defendants deemed doubtful.

In response to this situation, the Lawrence Group entered into negotiations with defendants in December 2003 with regard to reducing, restructuring and/or repaying the debt owed. Through a series of telephone conversations and letters, a plan emerged whereby the Lawrence Group would borrow $13 million from UCIC and $14 million from United Republic Insurance, with said funds placed in the "Alpha Trust." The Alpha Trust would then loan $27 million to the Lawrence Group, with that group executing several notes in favor of the trust. Such notes, in turn, were secured by stock pledges and other guarantees. The $13 million loaned by UCIC was not disclosed for prior approval by plaintiff, the Superintendent of Insurance. Due to his role in restructuring this transaction and repayment plan, Albert Lawrence was federally indicted for, among other things, the crimes of mail fraud and wire fraud in October 1999.

Plaintiff thereafter commenced this action seeking the return of the $13 million portion of the payment made by the Lawrence Group to defendants upon the ground that defendants knew or should have known that UCIC was or would be rendered insolvent by the Alpha Trust transaction. Plaintiff thereafter moved to compel defendants to disclose all communications with counsel pertaining to such transaction. Defendants opposed that relief and cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion to compel and denied defendants' cross motions for summary judgment, finding numerous questions of fact. This appeal by defendants ensued.*

Initially, we agree with Supreme Court that numerous questions of fact exist on the record before us, thereby precluding summary judgment in favor of defendants as to the various violations of the Debtor and Creditor Law alleged by plaintiff. Simply put, the timing and the circumstances of the repayment negotiations between the Lawrence Group and defendants, coupled with the close working relationship and information sharing between the Lawrence Group and defendants, defendants' knowledge of the precarious financial state of both the Lawrence Group and UCIC and defendants' ultimate acceptance of the transfer of funds from UCIC, are more than sufficient to raise a triable issue of fact as to, among other things,

---

* This Court subsequently granted defendants' motion for a stay pending appeal.

whether defendants knew or should have known that UCIC was or would be rendered insolvent as a result of the Alpha Trust transaction, the adequacy of the consideration for such transaction and whether such transaction was undertaken with an underlying intent to defraud. Despite defendants' protestations to the contrary, such issues cannot be conclusively resolved on the record presently before us. To the extent that defendants argue that "the law of New York . . . does not recognize a fraudulent transfer claim based upon the repayment of valid, antecedent debt to an unrelated lender," we need note only that UCIC had no antecedent debt to defendants and, therefore, the cases relied upon by defendants are inapposite.

Turning to the motion to compel, the attorney-client privilege set forth in CPLR 4503 (a) "may not be invoked where it involves client communications that may have been in furtherance of a fraudulent scheme, an alleged breach of fiduciary duty or an accusation of some other wrongful conduct" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [2003]). Moreover, the trial court is vested with considerable discretion to supervise the discovery process, and its determination in that regard will not be disturbed absent a demonstrated abuse of that discretion (*see id.* at 224).

Here, as noted previously, plaintiff has tendered sufficient admissible proof of defendants' involvement in the underlying planning and execution of the Alpha Trust transaction to demonstrate that defendants may well have known of UCIC's insolvency and/or have been aided by counsel in furthering the questionable repayment plan. Stated another way, plaintiff has articulated a sufficient "factual basis for a showing of probable cause to believe that a fraud or crime has been committed, and that the communications in question were in furtherance of such fraud or crime" (*Matter of Grand Jury Subpoena*, 1 AD3d 172, 173 [2003]). Under such circumstances, we cannot say that Supreme Court abused its discretion in granting plaintiff's motion to compel. Defendants' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.