■    LINDA L. PARNES, Appellant, v STEVEN M. PARNES, Respondent. PAUL VAN RYN, Respondent. [915 NYS2d 345]—

McCarthy, J. Appeal from an order of the Supreme Court (Zwack, J.), entered April 13, 2010 in Rensselaer County, which, among other things, granted defendant's motion to, among other things, disqualify plaintiff's counsel.

When the parties began experiencing marital difficulties, defendant contacted Paul Van Ryn, an attorney who had represented him in a prior divorce and related proceedings (*see Parnes v Parnes*, 41 AD3d 934 [2007]). Van Ryn had also represented and dealt with both parties in their capacities as principals in a limited liability company. Defendant and Van Ryn exchanged e-mails discussing a strategy for defendant to gain advantage in future matrimonial and custody litigation. Defendant acted in response to some of these e-mails, including sending a letter to plaintiff's physician stating that defendant—also a physician—disagreed with certain medication being prescribed and would no longer pay for this treatment, which was considered medically unnecessary as evidenced by an insurance company's refusal to cover the medication.

Plaintiff commenced this divorce action. At defendant's deposition, plaintiff's trial counsel questioned defendant about his e-mails with Van Ryn. Plaintiff apparently discovered a page of one of the e-mails on defendant's desk and, while searching for the remainder of the letter, discovered the user name and password for defendant's e-mail account. She used the password to gain access to defendant's account, printed the e-mails between him and Van Ryn, and turned them over to her counsel. Plaintiff then amended the complaint to reflect that defendant conspired with Van Ryn to cause plaintiff anguish. Counsel subpoenaed Van Ryn for a deposition and to produce documents.

Van Ryn moved to quash the subpoena. Defendant cross-moved to, among other things, quash the subpoena of Van Ryn, preclude plaintiff from using any privileged communications between defendant and Van Ryn, strike the portions of the amended complaint based on privileged information and disqualify plaintiff's counsel. Supreme Court found that the

e-mails between Van Ryn and defendant were protected by the attorney-client privilege, prohibited plaintiff from using those documents or any information gleaned from them, struck the offending paragraphs of the amended complaint, quashed the subpoena issued to Van Ryn[1] and disqualified plaintiff's counsel. Plaintiff appeals.

Supreme Court correctly determined that the e-mails were privileged. Initially, a trial court has considerable discretion to supervise the discovery process, and we will not disturb its determinations absent an abuse of that discretion (see *Superintendent of Ins. of State of N.Y. v Chase Manhattan Bank*, 43 AD3d 514, 516 [2007]). Defendant met his burden of demonstrating that he and Van Ryn communicated as an attorney and client and "that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services" (*Matter of Priest v Hennessy*, 51 NY2d 62, 69 [1980]; see CPLR 4503 [a]; *Clark v Schuylerville Cent. School Dist.*, 57 AD3d 1145, 1146 [2008]). Defendant averred that, while he had been friends with Van Ryn for many years, he contacted Van Ryn in his capacity as an attorney to seek advice about a potential divorce and custody battle. The context of the e-mails shows that Van Ryn was giving legal advice, sent from his law firm e-mail address, and billed defendant for his time. Van Ryn provided defendant with a retainer agreement; although they never executed it, Van Ryn averred that he did not require an executed agreement from clients until the matter proceeded to litigation or negotiations, and clients frequently sought advice before those stages without an executed retainer agreement.

Despite the e-mails being privileged, defendant waived the privilege with respect to one page of one e-mail. As the proponent of the privilege, defendant bore the burden of proving that he did not waive it (see *Oakwood Realty Corp. v HRH Constr. Corp.*, 51 AD3d 747, 749 [2008]). Plaintiff averred that she discovered a single printed page of a five-page e-mail on a desk in the marital residence. The parties acknowledge that this desk was located in a room used as an office and the parties, their nanny and babysitters all used that room. Defendant contends that the desk contained only his papers and plaintiff had her own desk in the same room, but plaintiff appears to disagree. Regardless of whether the parties had separate desks, by leaving a hard copy of part of a document on the desk in a room used by multiple people, defendant failed to prove that he took

---

1. Supreme Court required Van Ryn to comply with one paragraph of the subpoena. That paragraph is not at issue on appeal.

reasonable steps to maintain the confidentiality of that page (*see Bower v Weisman*, 669 F Supp 602, 605 [SD NY 1987]; *compare In re Marriage of Amich and Adiutori*, 192 P3d 422, 424-425 [Colo App 2007]). Hence, defendant waived the privilege as to that one page, and plaintiff may use that single page in litigation.

On the other hand, defendant took reasonable steps to keep the e-mails on his computer confidential. Defendant set up a new e-mail account and only checked it from his workplace computer. Leaving a note containing his user name and password on the desk in the parties' common office in the shared home was careless, but it did not constitute a waiver of the privilege. Defendant still maintained a reasonable expectation that no one would find the note and enter that information into the computer in a deliberate attempt to open, read and print his password-protected documents (*see Pure Power Boot Camp v Warrior Fitness Boot Camp*, 587 F Supp 2d 548, 560-562 [SD NY 2008]). Plaintiff admits that after she found the one page, she searched through defendant's papers in an effort to find the rest of the document, instead found the note, then purposely used the password to gain access to defendant's private e-mail account, without his permission, to uncover the remainder of the e-mail. Under the circumstances, defendant did not waive the privilege as to the e-mails in his private e-mail account (*see Leor Exploration & Prod., LLC v Aguiar*, 2010 WL 2605087, *18, 2010 US Dist LEXIS 76036, *63-65 [SD Fla 2010]; *cf. Stengart v Loving Care Agency, Inc.*, 201 NJ 300, 321-324, 990 A2d 650, 663-665 [2010]).

We reject plaintiff's argument that the crime-fraud exception precludes confidentiality. The attorney-client privilege will not prevent disclosure or use of any communications made "in furtherance of a fraudulent scheme, an alleged breach of fiduciary duty or an accusation of some other wrongful conduct" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [2003]; *see Superintendent of Ins. of State of N.Y. v Chase Manhattan Bank*, 43 AD3d at 516). Defendant's letter to plaintiff's physician did not constitute a fraud upon plaintiff or the physician. Defendant expressed his personal opinion that plaintiff should not be taking human growth hormones, an opinion supported by the insurance company's refusal to cover that treatment. Defendant also informed the physician that defendant would no longer pay for this treatment. While plaintiff contends that defendant had evil motives for sending this letter and providing her a copy—namely to deprive her of necessary medicine and cause her mental anguish—defendant's actions

did not constitute a fraud regardless of his intentions. The alleged breach of fiduciary duty must be on the part of the client, rather than the attorney (*see Woodson v American Tr. Ins. Co.*, 280 AD2d 328, 328-329 [2001]).[2] Based on the insurance company's refusal, presumably due to its determination that the treatment was not medically necessary, Supreme Court did not err in finding that defendant, as plaintiff's former physician, did not breach a fiduciary duty to her by sending the letter. Although she describes the strategy discussed by defendant and Van Ryn as an attempt to make her "snap," defendant was not doing so by breaching a fiduciary duty. Plaintiff offers only speculation that defendant conspired to commit the crime of assault upon her, without any probable cause to support her assertion (*compare Superintendent of Ins. of State of N.Y. v Chase Manhattan Bank*, 43 AD3d at 516). Although case law also applies the crime-fraud exception to "other wrongful conduct," such conduct must usually be of a criminal or dubious nature, not merely mean or dishonorable (*see e.g. Surgical Design Corp. v Correa*, 284 AD2d 528, 529 [2001]).

Supreme Court should not have disqualified plaintiff's counsel. When considering a motion to disqualify counsel, the court must consider the totality of the circumstances and carefully balance the right of a party to be represented by counsel of his or her choosing against the other party's right to be free from possible prejudice due to the questioned representation (*see Matter of Schachenmayr v Town of N. Elba Bd. of Assessors*, 221 AD2d 884, 885-886 [1995]; *Demis v Demis*, 168 AD2d 840, 841 [1990], *lv dismissed* 78 NY2d 1007 [1991]). The right to representation by counsel of one's own choosing is not absolute and may be overridden, but courts must "carefully scrutinize[ ]" any restriction of that valuable right (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]; *see Matter of Advent Assoc., LLC v Vogt Family Inv. Partners, L.P.*, 56 AD3d 1023, 1024 [2008]). We have already determined that the e-mails between defendant and Van Ryn were privileged communications, and we certainly do not condone the failure of plaintiff's counsel to promptly notify defendant's counsel that she had obtained the e-mails or her tactic of surprising defendant at his deposition by questioning him regarding those privileged documents. On the other hand, contrary to Supreme

---

**2.** In any event, although Van Ryn represented plaintiff and defendant in their capacities as principals of a limited liability company, Van Ryn never represented plaintiff individually. While there may have been a conflict of interest due to the prior joint representation, no confidential information was gleaned from plaintiff that was used against her so as to constitute a breach of the attorney's fiduciary duty to her.

Court, we have determined that the privilege was waived as to part of one document, meaning that counsel was able to properly ask defendant some of the questions posed at his deposition. Although a substantial right of defendant was prejudiced by plaintiff's uncovering of and her counsel's use of the privileged documents, the less severe sanction of suppression of the e-mails is a sufficient remedy for the problem (*see* CPLR 3103 [c]), and also protects plaintiff's valuable right to counsel of her choosing (*see Surgical Design Corp. v Correa*, 21 AD3d 409, 410 [2005]). Considering all of the circumstances here, we find that Supreme Court abused its discretion in imposing the harsh sanction of disqualification of plaintiff's counsel in addition to suppressing the confidential e-mails (*see id.*; *compare Matter of Carey v Carey*, 13 AD3d 1011, 1012 [2004]; *Campolongo v Campolongo*, 2 AD3d 476, 476-477 [2003]).

Supreme Court properly quashed the subpoena of Van Ryn. The privileged documents and testimony about attorney-client conversations were clearly not discoverable through a subpoena. To obtain disclosure from a nonparty, plaintiff was required to demonstrate a showing of special circumstances, namely that the information sought "is material and necessary and cannot be discovered from other sources or otherwise is necessary to prepare for trial" (*King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748, 748 [1993]; *see Cerasaro v Cerasaro*, 9 AD3d 663, 665 [2004]). Van Ryn averred that certain demanded documents, such as executed retainer agreements, do not exist. Some of the demanded documents have already been provided. Most of the documents sought were presumably available from defendant, defeating plaintiff's need for disclosure from a nonparty. Although plaintiff made broad claims that this subpoena was required because disclosure from defendant has not been forthcoming, the record does not indicate that she has made any motions to compel his compliance with demands (*see* CPLR 3124), and defendant indicated a willingness to produce demanded documents. Under the circumstances, Supreme Court appropriately quashed the subpoena (*see Sand v Chapin*, 246 AD2d 876, 877 [1998]).

Plaintiff's remaining contentions have been reviewed and are unpersuasive.

Mercure, J.P., Malone Jr. and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as disqualified plaintiff's counsel and found that the third page of a five-page e-mail from Paul Van Ryn to defendant is privileged, and, as so modified, affirmed.