■ MT. MCKINLEY INSURANCE COMPANY et al., Plaintiffs, v CORNING INCORPORATED, Appellant, and CENTURY INDEMNITY COMPANY et al., Respondents, et al., Defendants. [918 NYS2d 22]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 4, 2009, which, to the extent appealed from, granted the cross motion of respondents Century Indemnity Company et al. to compel discovery and denied appellant Corning Incorporated's assertion of the "common interest" privilege for certain communications with asbestos claimants made in connection with strategy and preparation for bankruptcy plan confirmation hearings, unanimously affirmed, with costs.

In this action seeking a declaratory judgment establishing entitlement to insurance coverage for defense and/or indemnification, the IAS court did not abuse its discretion in ordering the subject documents produced (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [2003]). The motion court properly held that Corning failed to establish that the subject documents were protected by the common interest privilege. While Corning asserted that the documents were "generated in furtherance of a common legal interest" between itself and the committees in the bankruptcy action and that the documents included communications evincing strategy and preparation for an upcoming confirmation hearing, it submitted no evidence in support of these assertions. Moreover, Corning never stated, let alone established, that it or the committees had a reasonable expectation of confidentiality with respect to these communications. Accordingly, Corning failed to establish that the relevant communications with the committees were in furtherance of a common legal interest and that with respect to these communications, Corning and the committees had a reasonable expectation of confidentiality (*see United States v Schwimmer*, 892 F2d 237, 243-244 [2d Cir 1989]; *In re Quigley Co., Inc.*, 2009 Bankr LEXIS 1352, *8-9 [SD NY 2009]).

We have considered Corning's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta and Román, JJ.

The decision and order of this Court entered herein on October 12, 2010 (77 AD3d 453) is hereby recalled and vacated (*see* 2011 NY Slip Op 64084[U] [decided simultaneously herewith]).