*470 Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 1, 2012, which denied plaintiff’s motion, pursuant to CPLR 3104 (d), to reject the decision and order of the Special Referee, dated April 6, 2012, denying its motion to compel production of documents postdating January 28, 2009, unanimously affirmed, without costs.
Plaintiff’s first demand for production of documents was dated May 4, 2009. In his June 2, 2009 response to that demand, defendant objected to the extent the demand had no time limits, and stated that he construed the request to seek documents generated before January 28, 2009, the date on which the action was commenced. When plaintiff subsequently served new discovery demands, seeking documents generated before March 29, 2010, defendant’s response incorporated by reference the objections raised in his June 2, 2009 response to plaintiff’s initial demand. Plaintiff subsequently acknowledged that defendant’s rolling document production was completed on August 2, 2010. On November 15, 2010, the Special Referee instructed the parties to file letter briefs outlining all discovery disputes. Plaintiffs extensive letter brief, filed on or about December 9, 2010, did not object to defendant’s withholding of documents generated after January 28, 2009. By order entered February 28, 2011, the Special Referee resolved the parties’ stated discovery disputes. Thereafter, on February 28, 2012 — more than 2V2 years after defendant first asserted the temporal objection to plaintiffs document demand, 14V2 months after the date by which the Special Referee had instructed plaintiff to file a letter brief addressing all outstanding discovery disputes, and one year after the Special Referee entered an order resolving all such disputes — plaintiff for the first time moved to compel defendant to produce documents generated after January 28, 2009. The Special Referee denied the motion, and Supreme Court upheld that determination.
Under the circumstances, and in view of the broad discretion with which the trial court is vested to supervise the discovery process (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 1 AD3d 223 [1st Dept 2003]), we find that Supreme Court, adopting the view of the Special Referee, providently denied plaintiffs motion to compel defendant to produce documents generated after January 28, 2009, on the ground that the request for such production came 2V2 years too late. The record supports the Special Referee’s conclusion, adopted by Supreme Court, that “the delay [in seeking to compel], coupled with the absence of any rational reason or excuse, is nothing less than a constructive waiver to compel compliance of an original demand *471 made in June 2009, and rejected by the defendant” (see Pierson v North Colonie Cent. School Dist., 74 AD3d 1652, 1654 [3d Dept 2010], lv denied 15 NY3d 715 [2010]). The record also supports Supreme Court’s conclusion that defendant’s June 2, 2009 temporal objection had never been withdrawn and, therefore, had been continuously outstanding until plaintiff belatedly challenged it on February 28, 2012. Concur — Tom, J.E, Friedman, Acosta, Moskowitz and Gische, JJ.