O'Halloran v Metropolitan Transp. Auth. (2019 NY Slip Op 01318)





O'Halloran v Metropolitan Transp. Auth.


2019 NY Slip Op 01318


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


160953/13 8469N 8468

[*1] Margaret O'Halloran, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants.


Steve S. Efron, New York, for appellants.
The Kurland Group, New York (Erica T. Healey-Kagan of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about April 10, 2018, to the extent it granted in part plaintiff's motion pursuant to CPLR 3124 to compel discovery, unanimously affirmed, without costs. Order, same court and Justice, entered August 6, 2018, which, to the extent appealed and appealable, denied defendants' motion to renew plaintiff's motion to compel discovery, unanimously affirmed, without costs.
The court providently exercised its discretion in granting in part plaintiff's motion to compel discovery and ordering defendants to run searches of electronic mailboxes of defendants' employees and to produce those documents responsive to plaintiffs' requests (CPLR 3101[a]; 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]; see also Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; GoSMILE, Inc. v Levine, 112 AD3d 469 [1st Dept 2013]). The record demonstrates that plaintiff's requests seek material and necessary information, and that her search terms, all of which were to be combined with her name or nickname or the name or nickname of a coworker she alleges was discriminated or retaliated against on similar grounds, would result in the disclosure of relevant evidence, and are reasonably calculated to lead to the discovery of relevant information.
Plaintiff's second Supplemental Request for Production of Documents, dated November 30, 2017, seeking all complaints, discrimination-related or not, involving defendant George Menduina's conduct from 2010 to present, sought information material and necessary to this particular lawsuit because such information was relevant not only to whether Menduina, plaintiff's supervisor, discriminated against plaintiff, but also to whether Menduina was more qualified than plaintiff to hold the very position that plaintiff alleges she was denied for discriminatory reasons.
In support of their motion for leave to renew, defendants cited no new facts that would [*2]change the court's prior determination. As a result, their motion to renew and reargue was in essence only a motion for reargument, the denial of which is non-appealable of right (see e.g. Kitchen v Diakhate, 68 AD3d 570 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK