Matter of Sanitation Salvage Corp. v City of New York (2024 NY Slip Op 05149)

Matter of Sanitation Salvage Corp. v City of New York

2024 NY Slip Op 05149

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Index No. 157928/18 Appeal No. 2855 Case No. 2023-04161 

[*1]In the Matter of Sanitation Salvage Corp., Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.

Stanley K. Schlein, Bronx, for appellant.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered July 17, 2023, which denied as moot petitioner's motion to enforce so much of an August 27, 2018 order to show cause as had granted petitioner leave to serve certain document requests on respondents, unanimously affirmed, without costs.
Initially, we agree with petitioner that its September 30, 2018 notices, by which it purported to withdraw both of its motions to enjoin respondent New York City Business Integrity Unit's suspension of its carting license, did not discontinue the proceeding, as respondents had already answered the amended petition (see CPLR 3217[a][1]).
Nevertheless, as the procedural history of this proceeding demonstrates, Supreme Court properly denied the motion to enforce the discovery portion of an August 27, 2018 order to show cause, as respondents did not "refuse[] to obey an order for disclosure or wilfully fail[] to disclose information which the court finds ought to have been disclosed" (CPLR 3126; see Abe v New York Univ., 169 AD3d 445, 448 [1st Dept 2019], lv dismissed 34 NY3d 1089 [2020]). On the contrary, the September 10, 2018 order to show cause, which was issued after petitioner submitted an amended petition, did not require any discovery.
Additionally, petitioner's withdrawal of its motions for a preliminary injunction negated the sole grounds asserted for discovery. Because the August 27, 2018 order to show cause granted petitioner expedited discovery in connection with its application for a preliminary injunction and in advance of a hearing on that application, petitioner's September 30, 2018 letter asking for an adjournment of the parties' scheduled appearance sine die shows that there was no longer a need for prehearing discovery. Furthermore, although petitioner withdrew its preliminary injunction requests "without prejudice to renewal if necessary," it never purported to renew any request for a preliminary injunction.
Moreover, petitioner's more than four-year delay in moving to compel compliance with the discovery portion of the August 27, 2018 order to show cause, without having sought to prosecute any of its claims in the interim, constitutes "inexcusable delay" and warrants the denial of the motion to compel (Remark Elec. Corp. v Manshul Constr. Corp., 242 AD2d 694, 695 [2d Dept 1997]). The delay until December 2022 in seeking to compel, coupled with the absence of any rational reason or excuse for the delay, constitutes a constructive waiver of the original demand for disclosure made in August 2018 (GoSMILE, Inc. v Levine, 112 AD3d 469, 470-471 [1st Dept 2013]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024