| |
|---|
| **Altium Growth Fund, L.P. v Tingo Group, Inc.** |
| 2024 NY Slip Op 34332(U) |
| December 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651910/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

ALTIUM GROWTH FUND, L.P., ALTO OPPORTUNITY
MASTER FUND, SPC - SEGREGATED MASTER
PORTFOLIO B, EMPERY ASSET MASTER LTD.,
EMPERY TAX EFFICIENT, L.P., EMPERY TAX
EFFICIENT III, L.P.,

|  |  |
|---|---|
| **INDEX NO.** | 651910/2023 |
| **MOTION DATE** | 09/19/2024, 09/26/2024, 10/07/2024 |
| **MOTION SEQ. NO.** | 012 013 014 |

Plaintiff,

- v -

TINGO GROUP, INC. F/K/A MICT, INC.,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 012) 291, 292, 293, 294, 295, 296, 314, 316, 318, 322, 359

were read on this motion to/for                                    CONTEMPT                                    .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 315, 317, 319, 323, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346

were read on this motion to/for                                    CONTEMPT                                    .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 347, 348, 349, 350, 353, 354, 358

were read on this motion to/for                          ORDER OF PROTECTION                          .

As discussed on the record (*tr.* 12.6.24), neither Tingo Group, Inc. (**Tingo**) nor Greenberg

Traurig, LLP (**Greenberg**) has established the basis for the assertion of the attorney-client

privilege as either the materials reviewed or communications in connection with the Hindenburg

Report and Greenberg is required to answer questions at the deposition with respect to the same.

As discussed below, this does not however mean that there may be questions posed where the

assertion of the attorney-client privilege may be appropriate.  In other words, the position taken

by both Greenberg and the Judgment Creditor in their papers is overbroad.

[* 1]

Reference is made to a certain press release, dated August 30, 2023 (NYSCEF Doc. No. 299 at 13), pursuant to which Tingo publicly denied the fraud allegations in the Hindenburg Report based on and in reliance on advice received from outside counsel's (*i.e.*, Greenberg) and its investigation of the allegations. Having relied on Greenberg's investigation in making the false statements, Tingo cannot now assert privilege over it (*see Deutsche Bank Tr. Co. of Americas v Tri-Links Inv. Tr.*, 43 AD3d 56, 63 [1st Dept 2007]). There are no issues of fact as to whether the statements rendered in response to the Hindenburg Report were false and in furtherance of the fraud. Thus, even if any privilege that may have existed was not waived, the statements and communications made by Tingo in furtherance of a fraudulent scheme would be subject to disclosure based on the crime-fraud exception as well (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [1st Dept 2003]).

As discussed, the Judgment Creditors shall submit a proposed order requiring Greenberg to attend the deposition and requiring Greenberg to answer questions related to both non-privileged information (*e.g.,* facts) and otherwise privileged information pursuant to which privilege has been waived or where the crime-fraud exception applies. To the extent that there may be questions at the deposition as to certain advice given which may be subject to the privilege, the Judgment Creditor may move to compel following such deposition.

The Judgment Creditors have not yet established their entitlement to hold Greenberg in contempt because the record before the Court does not yet reflect by clear and convincing evidence that Greenberg has engaged in a course of conduct designed to impair or impede the rights of the

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**
**Motion No.  012 013 014**

**Page 2 of 4**

2 of 4

[* 2]

Judgement Creditors or otherwise prejudice the outcome of the litigation (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]).

The Judgment Creditors' motion (Mtn. Seq. No. 012) to hold Tingo in contempt is granted as unopposed. The record before the court establishes by clear and convincing evidence that Tingo has failed to comply with the judicial subpoena issued by the Judgment Creditor as to its proper post-judgment discovery demands and has otherwise failed to schedule an appropriate post-judgment deposition which the Judgment Creditor has indicated that it is willing to conduct remotely over an electronic platform (*see Matter of Kapon v Koch*, 23 NY3d 32, 36 [2014]). Accordingly, the Judgment Creditors may submit an order holding Tingo in contempt and otherwise as discussed on the record. Tingo may purge its contempt by scheduling the deposition of a corporate representative and attending such deposition.

Accordingly, it is hereby

ORDERED that the Judgment Creditors' motion to hold Tingo in contempt (Mtn. Seq. No. 012) is GRANTED, and the Judgment Creditors will submit an order holding Tingo in contempt to Part 53 (SFC-Part53@nycourts.gov), and shall appropriately serve a copy of the order of contempt with notice of entry on Tingo; and it is further

ORDERED that the Judgment Creditors' motion to hold Greenberg in contempt (Mtn. Seq. No. 013) is DENIED; and it is further

651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.   Page 3 of 4
Motion No.  012 013 014

3 of 4

[* 3]

ORDERED that Greenberg's motion for a protective order (Mtn. Seq. No. 014) is DENIED, and the Judgment Creditors shall submit a proposed order requiring Greenberg to attend the deposition.

20241209102210AB0RR0KE2B635DC69ED4ACAB4FF386A0DE38DDA

**12/9/2024**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651910/2023   ALTIUM GROWTH FUND, L.P. ET AL vs. TINGO GROUP, INC. F/K/A MICT, INC.**          **Page 4 of 4**
**Motion No.  012 013 014**

4 of 4

[* 4]