Matter of Stikeman Elliott LLP v OL Private Counsel LLC (2025 NY Slip Op 05657)

Matter of Stikeman Elliott LLP v OL Private Counsel LLC

2025 NY Slip Op 05657

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 153406/24|Appeal No. 4809|Case No. 2025-01514|

[*1]In the Matter of Stikeman Elliott LLP, Petitioner-Appellant,
v
OL Private Counsel LLC, Respondent-Respondent. 

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York Gregory F. Laufer of counsel), for appellant.
Foley & Lardner LLP, New York (Sabrina Bryan of counsel), and Foley & Lardner LLP, Salt Lake City, UT (David L. Mortensen of the bar of the State of Utah, admitted pro hac vice, of counsel), for respondent.

Order, the Supreme Court, New York County (Verna L. Saunders, J.), entered on or about February 14, 2024, which denied petitioner's application to quash a subpoena and for a protective order and granted respondent's cross-motion to compel compliance with the subpoena, unanimously affirmed, without costs.
In this special proceeding, petitioner Stikeman Elliott LLP, a Canadian law firm with a satellite office in New York City, seeks to quash a subpoena served by respondent OL Private Counsel LLC in connection with an action pending in a Utah state court (the Utah Action). In the Utah Action, Ephraim Olson is suing his father, Thomas Olson, and respondent, Thomas Olsen's law firm (together, the Utah Defendants), alleging claims for payment of unpaid wages and breach of contract related to the time that Ephraim worked for respondent. In response, the Utah Defendants asserted various affirmative defenses, including that Ephraim's claims are barred by the doctrine of unclean hands, the Utah Defendants' actions were privileged and/or justified, and Ephraim's claims are barred by the first breach rule based on his breach of the parties' agreement. Thomas, but not respondent, separately asserted counterclaims against Ephraim.
As alleged, the primary basis for these affirmative defenses and counterclaims in the Utah Action is that while employed by respondent, Ephraim misappropriated confidential and privileged documents from respondent and disclosed them, through counsel, to his siblings and their lawyers and to a lawyer for his mother for use in her divorce action against Thomas. As relevant here, respondent asserts that petitioner participated in this scheme and has documents supporting Thomas's counterclaim and affirmative defenses. For that reason, respondent issued a subpoena to petitioner seeking the production of various categories of documents in connection with the Utah Action.
In denying petitioner's motion, Supreme Court concluded that the documents sought by respondent are relevant to the counterclaims in the Utah Action. Petitioner now asserts that this was error because respondent does not assert any counterclaims and thus lacked standing to pursue its subpoena.
Petitioner's attempt to attack the subpoena on the grounds of standing—an argument raised for the first time on appeal—is unavailing. Even assuming (without deciding) that respondent could not seek materials bearing on the counterclaims of its codefendant in the Utah Action, respondent had an independent basis to issue its subpoena. Indeed, the documents respondent seeks are material and necessary not only to the counterclaims in that action but also the affirmative defenses that, as the record aptly demonstrates, arise from the same underlying conduct supporting the counterclaims. The issue of standing is therefore not a basis to quash the subpoena. And because petitioner otherwise fails to establish on appeal that the materials sought by the subpoena are "utterly irrelevant" to the Utah Action (see Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]; Ledonne v Orsid Realty Corp., 83 AD3d 598, 599 [1st Dept 2011]), we decline to disturb Supreme Court's provident exercise of its discretion in denying petitioner's motion and granting respondent's cross-motion (see Mercedes v Cool Wind Ventilation Corp., 223 AD3d 623, 624 [1st Dept 2024]; Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 1 AD3d 223, 224 [1st Dept 2003]).
That respondent did not specifically assert before Supreme Court that the information sought by its subpoena is also material and necessary to its affirmative defenses does not bar our consideration of this issue on appeal. Respondent does not rely on any new facts to support this contention, and thus the issue can be resolved on the existing record. Nor could petitioner have avoided the issue had it been raised before the motion court (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
We have considered the remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025