■ MILDRED KAPLAN, Respondent, v. MORRIS KAPLAN, Appellant.— In an action by a wife to set aside a separation agreement on the ground of fraud and duress, the husband appeals from so much of an order of the Supreme Court, Kings County, dated November 30, 1960, as directed him to produce at his continued examination before trial specified books and records for the period from 1954 to date, and to permit his wife to inspect and copy such books and records, subject to certain restrictions. Order insofar as appealed from, reversed, without costs, and with leave to the wife, if so advised, to make a formal motion at the conclusion of the pending examination before trial of the husband, for a discovery and inspection of such of the husband's books and records as she shows to be necessary for the prosecution of her action. An order granting a discovery or inspection of books and papers is appealable (9 Carmody-Wait, New York Practice, p. 506). The portion of the order appealed from was premature (*Battaglia* v. *New York City Tr. Auth.*, 2 A D 2d 985), having been made as an incident to a decision upon the wife's oral application for a ruling upon the husband's objections to questions during the course of his examination before trial then in progress. Rule 140 of the Rules of Civil Practice requires that application for an order granting discovery or inspection (Civ. Prac. Act, § 324) be made on notice and on affidavit. We have had previous occasion to indicate the proper procedure to be followed (cf. *Milberg* v. *Lehrich*, 2 A D 2d 860). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.