■ KAWAI AMERICA CORPORATION, Appellant, v R. ARTHUR HILTON et al., Respondents, et al., Defendants. [613 NYS2d 989] — Mikoll, J. P. Appeal from an order of the Supreme Court (Spain, J.), entered April 14, 1993 in Rensselaer County, which denied plaintiff's motion for summary judgment and granted certain defendants' cross motion for summary judgment dismissing the complaint against them.

On February 16, 1984 plaintiff executed a one-year "musical instruments dealer agreement" with defendant A. H. Music Corporation, doing business as Hilton Music Stores (hereinafter the corporation). Defendant R. Arthur Hilton (hereinafter Hilton), sole shareholder of the corporation, at the same time executed a personal guarantee to pay all debts incurred by the corporation "now and in the future". Similar one-year dealer contracts were signed each year, extending into 1990. Plaintiff, seeking additional security in 1989, requested that Hilton and defendant Harleen E. Hilton, his wife, sign a mortgage in the sum of $50,000 on certain real property they owned. This mortgage was executed by them on September 12, 1989; however, they state in their affidavit that no bond or note was given to plaintiff "due to differences that had arisen". Thereafter, plaintiff shipped and billed over $50,000 worth of merchandise to the corporation. Plaintiff made a demand for payment from Hilton personally in September 1990 and, receiving none, declared the full amount of the mortgage due and payable in December 1990.

Plaintiff thereafter commenced the instant foreclosure action in March 1991 and moved for summary judgment in November 1992. Meanwhile, the corporation filed for bankruptcy in June 1991. The Hiltons cross-moved for summary judgment and an order canceling and discharging the mortgage. Supreme Court found a lack of consideration and the absence of any obligation underlying the mortgage. The court stated that it could not "take the gigantic leap needed to find that the personal guarantee of defendant R. Arthur Hilton served as the underlying obligation of the parties", noting that if the parties so intended they "had the opportunity to include such in the mortgage or the nonexistent Bond or

Note". Supreme Court denied plaintiff's motion and granted the Hiltons' cross motion. This appeal by plaintiff ensued.

Plaintiff's contention that the mortgage was supported by valid consideration as it secured Hilton's future obligation to plaintiff is meritorious. Although there was no bond or note, their absence was not fatal since a bond or note is not the consideration for a mortgage, but rather merely evidence of the obligation (see, 77 NY Jur 2d, Mortgages and Deeds of Trust, § 38, at 416). When an obligation secured by a mortgage exists aside from the note or bond, the mortgage is not invalidated by the invalidity of the note or bond manifesting the debt (id.). Further, "a future debt or obligation, may be sufficient to support a mortgage" (3A Warren's Weed, New York Property, Mortgages, § 4.04 [1], at 61 [4th ed]). The instant mortgage provided that "[i]n addition to the above Debt the Bond or Note and this Mortgage is intended to secure any more debts now or in the future owed by the Mortgagor to the Mortgagee". Plaintiff sought the mortgage because it wanted added security for its account with the corporation. After the mortgage was executed, plaintiff shipped added goods and Hilton was personally obligated to pay plaintiff as guarantor of the corporation's debts to it. Thus, the mortgage was supported by sufficient consideration. Hilton's wife was not personally obligated to pay the corporation's debts by any personal guarantee, as was Hilton. However, her execution of the mortgage was a benefit to Hilton and therefore sufficient consideration to support her mortgaging of the property (see, 3A Warren's Weed, New York Real Property, Mortgages, § 5.08 [4th ed]).

Plaintiff's contention that it is entitled to a deficiency judgment against both Hiltons, since as mortgagors they are personally liable for the debt under the provisions of the mortgage and the dealer agreement, is rejected. The statement in the mortgage that it is made to secure a debt of $50,000 is not a covenant to pay the indebtedness under Real Property Law § 254 (3). This language indicating that the property stands as security for a debt must be stated to make the instrument a mortgage (see, 77 NY Jur 2d, Mortgage and Deeds of Trust, § 44, at 421). However, without express wording binding the mortgagor to pay the debt secured, a promise to do so "cannot be implied" (77 NY Jur 2d, Mortgage and Deeds of Trust, § 64, at 446; see, Real Property Law § 249).

Plaintiff's argument that the dealer agreement is the "other separate instrument" that contains the required covenant referred to in Real Property Law § 249 is in error. The dealer

agreement obligated only the corporation, not the mortgagors. However, as Hilton is obligated due to his personal guarantee, which serves as the underlying obligation for the mortgage, he may be found liable for any deficiency.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted and summary judgment awarded to plaintiff.