■ First American Bank of New York, Plaintiff, v Alan A. Sloane et al., Defendants, Union National Bank et al., Respondents, and Leon Zeibert, Appellant. [653 NYS2d 145] —Carpinello, J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 18, 1995 in Albany County, which, *inter alia*, granted defendant Union National Bank's motion to confirm a Referee's report in a surplus money proceeding.

The issue in this mortgage foreclosure surplus money proceeding is whether funds previously advanced by defendant Leon Zeibert to the owners of the foreclosed premises were in the nature of loans or gifts.

At the hearing before the court-appointed Referee, Zeibert, who is the uncle of the co-owner of the subject premises, testified that he had given his nephew $40,000 in 1978 and another $40,000 in 1983. These advances were purportedly secured in 1983 by an $80,000 mortgage signed by defendants Alan A. Sloane and Gloria M. Sloane, incumbering the subject premises. Although Zeibert testified that a note had been executed essentially contemporaneously with the mortgage, Zeibert was unable to produce any note at the hearing.

The Referee found (and Supreme Court confirmed) that Zeibert had made advances of hundreds of thousands of dollars to his nephew over the years, some of which had been repaid sporadically. Based upon the totality of the circumstances, including but not limited to the fact that Alan Sloane was Zeibert's "favorite nephew" for whom he "would do anything", the Referee concluded that the advances by Zeibert were gifts and not loans secured by the mortgage and on that basis disallowed Zeibert's claim to any of the surplus moneys. Zeibert appeals.

While it is true that a mortgage is not invalidated by the

absence of the note or bond manifesting the debt (*see, Kawai Am. Corp. v Hilton,* 205 AD2d 1021, 1022, *lv dismissed* 87 NY2d 968), nonetheless, in order to be enforceable as a lien on real property, the mortgage must be supported by valid consideration and "[a] transaction intended to be in the nature of a gift, there being * * * no intention that the mortgagor would be called upon to pay the 'mortgage,' is not a mortgage" (77 NY Jur 2d, Mortgages and Deeds of Trust, § 48, at 425 [citation omitted]).

Since the Referee's determination disallowing Zeibert's claim was based upon substantial support in the record (*see, Kaplan v Einy,* 209 AD2d 248), Supreme Court's decision to confirm the report should be affirmed.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.