■ SURGICAL DESIGN CORPORATION, Respondent, v JAMIR CORREA et al., Appellants. [736 NYS2d 392] —In an action, inter alia, to recover damages for conversion of corporate property and funds, the defendants appeal from an order of the Supreme Court, Queens County (Golia, J.), dated September 12, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action alleging breach of contract against the defendant Eliezer Decote, and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the cause of action alleging tortious interference with contract against the defendant Jamir Correa to the extent that it alleged tortious interference with Decote's written contract, and substituting therefor a provision granting that branch of the motion, (3) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty against Decote to the extent that it alleges breach of fiduciary duty for terminating his employment without giving the plaintiff six months' notice, and substituting therefor a provision granting that branch of the motion, and (4) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action alleging breach of fiduciary duty against Correa to the extent that it alleged a breach of fiduciary duty by interfering with Decote's employment contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant Eliezer Decote terminated his employment without giving the plaintiff six months' notice as required under his employment contract. The defendants submitted evi-

dence indicating that as part of his duties under his employment contract with the plaintiff, Decote was required to perform actions that were against the law in Brazil, where he was based. The plaintiff submitted no evidence to refute these allegations. Under the facts of this case, the notice of termination clause cannot be enforced against Decote because it would have required Decote to continue to perform illegal activities for six additional months (*see, City of New York v 17 Vista Assoc.,* 84 NY2d 299; *McConnell v Commonwealth Pictures Corp.,* 7 NY2d 465). Moreover, the plaintiff's allegation that Decote breached an oral contract is unsupported by the record and is essentially the same allegation contained in its cause of action to recover damages for conversion and breach of fiduciary duty. Thus, the breach of contract cause of action against Decote should be dismissed (*see, Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673; *Wecker v Quaderer,* 237 AD2d 512). In addition, so much of the cause of action as alleges tortious interference with Decote's written contract against Correa should also be dismissed (*see, City of New York v 17 Vista Assoc., supra; McConnell v Commonwealth Pictures Corp., supra*). The breach of fiduciary duty claims against Decote and Correa must also be dismissed to the extent that they involve Decote's written employment contract (*see, City of New York v 17 Vista Assoc., supra; McConnell v Commonwealth Pictures Corp., supra*).

Any illegal activities, however, are collateral to the remaining causes of action and thus summary judgment was properly denied as to them (*see, Dinerstein v Dinerstein,* 32 AD2d 750).

The defendants' remaining arguments are either without merit or academic. Florio, J.P., McGinity, Luciano and Schmidt, JJ., concur.