■ CESIDIO DI MASCIO et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. [762 NYS2d 696] —Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered March 21, 2002 in Albany County, which, inter alia, partially denied plaintiffs' motion for discovery and inspection.

This disclosure dispute arises within the context of an age discrimination action commenced by plaintiffs against defendant. Although the action alleged age discrimination based upon both disparate impact and disparate treatment, the disparate impact aspect has been dismissed (293 AD2d 842 [2002], lv dismissed 98 NY2d 693 [2002]). Defendant reportedly produced over 2,100 pages of documents in response to plaintiffs' first and second demands for documents, but it refused to comply with some of plaintiffs' demands upon the ground that they were overly broad or vague. Plaintiffs moved to compel disclosure and defendant cross-moved to strike the disputed demands. Defendant's motion was granted. Plaintiff then served another demand and that culminated in further motion practice, with Supreme Court finding that the demand "suffer[ed] from the same defects of vagueness and over broadness that plagued plaintiffs' prior * * * discovery demands." The ensuing attempt at yet another demand resulted in a document that was similar, and in some respects identical, to the previously stricken demands. In March 2001, Supreme Court appointed a Referee to supervise disclosure (see CPLR 3104).

At a conference with the Hearing Officer who was appointed as a Referee, defendant agreed to search for and disclose certain additional documents. Defendant also agreed to produce to the Hearing Officer for in camera review the adverse impact analyses performed by defendant regarding the reduction in force and certain videotapes of remarks made at managers' meetings from 1994 to 1997 by Jack Welch, who at that time was defendant's chief executive officer. The Hearing Officer further directed both parties to submit memoranda of law addressing the issue of whether the adverse impact analyses were protected by the attorney-client privilege. Plaintiffs did

not comply with this directive. After in camera review of the documents and videotapes, the Hearing Officer determined that defendant was not required to disclose these items to plaintiffs. The Hearing Officer further found various other demands improper. Defendant's motion to confirm the Hearing Officer's findings was granted by Supreme Court and this appeal by plaintiffs ensued.

The trial court is afforded broad discretion in supervising disclosure and its determinations will not be disturbed unless that discretion has been clearly abused (*see McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]; *Thomas v Benedictine Hosp.*, 296 AD2d 781, 783 [2002]). The deference afforded to the trial court regarding disclosure extends to its decision to confirm a referee's report, so long as the report is supported by the record (*see Grant v Rycoline Prods.*, 241 AD2d 308 [1997]; *cf. Riverside Capital Advisors v First Secured Capital Corp.*, 292 AD2d 515 [2002]; *First Am. Bank of N.Y. v Sloane*, 235 AD2d 656, 657 [1997]).

The videotapes of comments by Welch to managers were reviewed in camera by the Hearing Officer and determined to contain "no statements or information relevant to [p]laintiffs' age discrimination claims." The videotapes have been provided to and reviewed by this Court. We find the Hearing Officer's findings to be amply supported and, thus, Supreme Court did not abuse its discretion in upholding the Hearing Officer's decision not to direct disclosure of the videotapes.

Nor do we find an abuse of discretion in the decision not to require defendant to disclose its adverse impact analyses. Defendant opposed disclosure upon various grounds, including that the analyses were covered by the attorney-client privilege. Initially, we note that the request for this information was part of plaintiffs' fourth effort to properly draft demands that had been repeatedly struck down. Yet, notwithstanding the forbearance afforded them, plaintiffs failed to comply with the Hearing Officer's directive to file a memorandum of law in support of their position on this issue. Defendant, on the other hand, submitted an affidavit from, among others, a senior in-house attorney who described in detail that these analyses were prepared solely for the purpose of providing legal advice to management. In light of plaintiffs' default before the Hearing Officer regarding this issue and the proof submitted by defendant in support of its position, we are unpersuaded that it was an abuse of discretion not to direct disclosure of the analyses.

Plaintiffs remaining arguments, to the extent properly

preserved for appellate review, have been considered and found unpersuasive.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.