■ SURGICAL DESIGN CORPORATION, Appellant, v JAMIR COR-REA et al., Respondents. [799 NYS2d 584]—

In an action, inter alia, to recover damages for conversion of corporate property and funds, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated November 6, 2003, which denied those branches of its motion which were pursuant to CPLR 3103 and 3124 to disqualify the defendants' attorney and/or to suppress letters from the plaintiff's Brazilian counsel to the plaintiff, which were obtained by the defendants, and (2) so much of an order of the same court dated January 8, 2004, as denied its motion pursuant to CPLR 3104 (d) to vacate an undated order of a court-appointed referee directing it to provide certain document discovery.

Ordered that the order dated November 6, 2003, is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was to suppress letters from the plaintiff's Brazilian counsel to the plaintiff, which were obtained by the defendants, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the order dated January 8, 2004, is reversed insofar as appealed from, the plaintiff's motion to vacate the undated referee's order which directed it to provide certain document discovery is granted, and the referee's order is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the defendants' contention, the orders in question are appealable as of right since they affect a substantial right of the plaintiff (*see* CPLR 5701 [a] [2] [v]; *Murphy v LoPresti*, 232 AD2d 461 [1996]; *Donald Rubin, Inc. v Schwartz*, 220 AD2d 323 [1995]; *Herbert v City of New York*, 126 AD2d 404 [1987]; *Matter of Grisi v Shainswit*, 119 AD2d 418 [1986]; *Matter of Gambardella*, 81 AD2d 835 [1981]; *Kaplan v Kaplan*, 13 AD2d 995 [1961]).

The defendants, former employees of the plaintiff, improperly retained letters from the plaintiff's Brazilian counsel to the plaintiff, copies of which had been sent to the defendants during the course of their employment, and gave those letters to their attorney upon the commencement of this action against them. These documents were presumptively privileged (*see* CPLR 4503) and, rather than notify the plaintiff that he had come into possession of its privileged material, the defendants' attorney attempted to use the material to his clients' advantage in this litigation. Under the circumstances of this case, the appropriate remedy was suppression of the information contained in those documents (*see* CPLR 3101 [c]), and we modify accordingly. The harsh sanction of disqualification, however, was not warranted here (*cf. Matter of Weinberg*, 129 AD2d 126 [1987]), especially since the practical effect of it would be to deny the defendants the counsel of their own choice and further delay the action to the detriment of all concerned (*see Matter of Kochovos*, 140 AD2d 180 [1988]).

With the exception of three letters dated July 19, 1998, July 21, 1998, and July 24, 1998, respectively, the plaintiff's attorney-client correspondence reviewed by the Referee in camera was protected by the attorney-client privilege (*see* CPLR 4503). All but the three letters were related to the rendering of "sound legal advice" (*In re Grand Jury Subpoena Duces Tecum dated Sept. 15, 1983*, 731 F2d 1032, 1036, 1038 [1984]), and, thus, the Referee should not have directed the plaintiff to produce them (*see* CPLR 3101 [b]). The three letters are not protected by the attorney-client privilege (*see* CPLR 4503), because they relate to client communications in furtherance of a fraudulent scheme (*see Alexander v United States*, 138 US 353 [1891]; *In re Grand Jury Subpoena Duces Tecum dated Sept. 15, 1983, supra*; *see also Surgical Design Corp. v Correa*, 284 AD2d 528 [2001]). Nevertheless, the Referee erred in directing the plaintiff to produce these three unprotected letters since the collateral issue of the plaintiff's fraudulent scheme is not material and relevant to the remaining issues in the litigation (*see* CPLR 3101 [a]; *Sur-*

*gical Design Corp. v Correa,* 290 AD2d 435 [2002]; *Ortiz v Rivera,* 193 AD2d 440 [1993]; *see also Bistricer v Bistricer,* 659 F Supp 215 [1987]). Since the Referee's order is not supported by the record, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 3104 to vacate it (*see Di Mascio v General Elec. Co.,* 307 AD2d 600 [2003]; *Grant v Rycoline Prods.,* 241 AD2d 308 [1997]; *cf. Riverside Capital Advisors v First Secured Capital Corp.,* 292 AD2d 515 [2002]; *First Am. Bank of N.Y. v Sloane,* 235 AD2d 656, 657 [1997]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.