KEVIN JACKSON, Respondent, v JAMAICA HOSPITAL MEDICAL CENTER, Appellant, et al., Defendant. [876 NYS2d 246]—

Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 17, 2008 in Clinton County, which, among other things, granted plaintiff's motion to compel discovery.

This civil appeal concerns plaintiff's motion to compel discovery of limited information contained in the medical rec-

ords of a person he was convicted of murdering. Plaintiff commenced a civil action in Queens County against defendant Jamaica Hospital Medical Center, where his victim was transported by ambulance after being shot, and a record-keeping employee, alleging that defendants fraudulently or negligently created the victim's medical records, some of which were apparently admitted into evidence at plaintiff's criminal trial. Plaintiff claimed that defendants' medical records were inconsistent with certain official reports (the medical examiner's report and police reports) regarding the time of the victim's death, which contributed to plaintiff's criminal conviction. Supreme Court (Hart, J.) denied plaintiff's motion to compel disclosure of defendant's medical records for the victim based upon plaintiff's lack of standing, and the Second Department affirmed (*Jackson v Jamaica Hosp. Med. Ctr.*, 37 AD3d 542 [2007]).

Prior to that affirmance, plaintiff commenced this second fraud action against defendants in Clinton County, again alleging that certain purported inconsistencies between other official documents and defendant's medical records for the victim, which plaintiff claims were fraudulently made, deprived him of the ability to present a viable defense at his criminal trial. Plaintiff filed an amended notice of discovery (*see* CPLR 3120) seeking limited "non-medical information" in defendants' medical records regarding the victim, relating strictly to "time data" for the date of the victim's death, namely "time of all calls" to Jamaica Hospital, "time of arrival" at its emergency room and "time of death." Plaintiff requested that all confidential and privileged material be redacted (*see* CPLR 4504 [a]).

Defendants did not respond to plaintiff's discovery demand, so plaintiff moved to compel a response (*see* CPLR 3124). Jamaica Hospital cross-moved to deny that relief. Supreme Court (Dawson, J.) granted plaintiff's motion and denied Jamaica Hospital's cross motion. Jamaica Hospital now appeals.

Jamaica Hospital has not demonstrated that res judicata applies to this motion. Under that doctrine, a prior valid final judgment on the merits precludes litigation between the same parties of any claim that was or could have been raised in the prior action (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 12 [2008]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Kinsman v Turetsky*, 21 AD3d 1246, 1246-1247 [2005], *lv denied* 6 NY3d 702 [2005]). Supreme Court, Queens County merely denied plaintiff's unopposed motion to

compel disclosure* due to lack of standing, which is not a determination "on the merits" (see *Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d at 13-14 and n 3). Likewise, the record does not indicate that there has been a "final judgment" rendered in the Queens County matter (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 347). Thus, Jamaica Hospital has not shown that the Queens County order precludes plaintiff's present motion to compel discovery.

The documents that plaintiff seeks, as redacted, are not privileged and must be disclosed. Jamaica Hospital, as the party objecting to disclosure, bore the burden of proving its assertion that the material sought is privileged under CPLR 4504 (a) and the federal Health Insurance Portability and Accountability Act (42 USC § 1320d *et seq.* [hereinafter HIPAA]; *see Koump v Smith*, 25 NY2d 287, 294 [1969]; *see also Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]). The physician-patient privilege "prohibits disclosure of any information acquired by a physician 'in attending a patient in a professional capacity, and which was necessary to enable [the physician] to act in that capacity' " (*Dillenbeck v Hess*, 73 NY2d at 284, quoting CPLR 4504 [a]; *see State of New York v General Elec. Co.*, 201 AD2d 802, 802-803 [1994]). The very narrow information sought by plaintiff—regarding when certain events occurred, as documented in the victim's medical records on the date of his death—was not information necessary to the victim's medical treatment; it was merely documented facts regarding time data that would be obvious to a layperson (*see Williams v Roosevelt Hosp.*, 66 NY2d 391, 396 [1985]; *Henry v Lewis*, 102 AD2d 430, 437 [1984] [dates and times of treatment not privileged]; *see also Matter of Grand Jury Investigation in N.Y. County*, 98 NY2d 525, 530 [2002]; *People v Elysee*, 49 AD3d 33, 37-39 [2007], *affd* 12 NY3d 100 [2009]; *Matter of Grand Jury Subpoena Duces Tecum Dated Dec. 14, 1984*, 113 AD2d 49, 55 [1985], *affd* 69 NY2d 232 [1987], *cert denied* 482 US 928 [1987]). Hence, the information was not privileged under state law.

HIPAA regulates disclosure of "protected health information," which includes "individually identifiable health information," defined as health information that "[i]s created or received by a health care provider . . . and [r]elates to past, present, or future physical or mental health or condition of an individual[,] the provision of health care to an individual [or

---

* Notably, the motion papers in the Queens County action are not in the record. However, the appeal of the motion now before us is also merely one regarding discovery, and does not concern a dispositive motion grounded upon either lack of standing or res judicata principles.

payment therefor]," and identifies the patient or which reasonably could be so used (45 CFR 160.103; *see* 42 USC § 1320d [6] [B]; *Arons v Jutkowitz*, 9 NY3d 393, 413 [2007]). The time data sought by plaintiff cannot be characterized as protected health information, as it has no apparent connection to the victim's physical condition or medical care. As Jamaica Hospital failed to demonstrate that the circumscribed redacted time data is privileged, Supreme Court properly denied its cross motion and granted plaintiff's motion to compel a response to his amended notice for discovery.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.