◼ EMILY MUZIO, Appellant, v ANTHONY R. NAPOLITANO, M.D., P.C., et al., Respondents. [919 NYS2d 64]—

The defendants in this medical malpractice action conducted an interview of the plaintiff's treating physician, a nonparty, without obtaining a valid authorization pursuant to the Health Insurance Portability and Accountability Act of 1996 (Pub L No 104-191, 110 Stat 1936 [1996]). Notwithstanding the fact that the plaintiff placed her medical condition in controversy, the defendants were required to obtain an authorization expressly permitting an interview with her treating physician prior to conducting the interview (*see Arons v Jutkowitz*, 9 NY3d 393 [2007]; *Porcelli v Northern Westchester Hosp. Ctr.*, 65 AD3d 176 [2009]).

Since any information obtained by the defendants from the interview was "improperly . . . obtained" (CPLR 3103 [c]), the Supreme Court should have granted that branch of the plaintiff's pretrial motion which was pursuant to CPLR 3103 (c) for a protective order precluding the defendants from calling her treating physician to testify at trial as an expert witness for the defense, and from introducing, at trial, the information obtained from the interview (*see Straub v Yalamanchili*, 58 AD3d 1050 [2009]; *Surgical Design Corp. v Correa*, 21 AD3d 409 [2005]; *Keshecki v St. Vincent's Med. Ctr.*, 5 Misc 3d 539 [2004]).

The plaintiff's remaining contention is without merit. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.