# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1117**
**CA 12-00678**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

MICHAEL MCCARTER, PLAINTIFF-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

WILLIAM WOODS, DEFENDANT-APPELLANT-RESPONDENT.

---

BURGIO, KITA & CURVIN, BUFFALO (STEVEN P. CURVIN OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

ATHARI & ASSOCIATES, LLC, UTICA (NICOLE C. PELLETIER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 9, 2012. The order, inter alia, denied that part of the motion of defendant seeking to preclude plaintiff from offering certain medical evidence at trial.

It is hereby ORDERED that the order so appealed from is modified on the law by denying that part of defendant's motion concerning "speaking authorizations" from plaintiff's educators and by granting plaintiff's cross motion to that extent and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order that, inter alia, denied that part of his motion seeking to preclude plaintiff from offering certain medical evidence at trial based on plaintiff's failure to disclose medical reports of his examining physician prior to the examination of plaintiff by defendant's examining physician. Contrary to defendant's contention, Supreme Court properly denied that part of his motion. " 'Absent an abuse of discretion, we will not disturb the court's control of the discovery process' " (*Marable v Hughes*, 38 AD3d 1344, 1345; *see Hann v Black*, 96 AD3d 1503, 1504; *MS Partnership v Wal-Mart Stores*, 273 AD2d 858, 858).

Turning to plaintiff's cross appeal, we note that plaintiff contends that the court abused its discretion in conditionally granting that part of defendant's motion to preclude plaintiff from presenting evidence at trial concerning his mental or physical condition unless plaintiff provided defendant with speaking authorizations for plaintiff's medical providers and educators. Plaintiff further contends that the court erred in denying his cross motion for a protective order with respect to the speaking authorizations and for costs incurred because of the allegedly

improper cancellation by defendant's attorney of scheduled depositions of plaintiff and his mother. We reject plaintiff's contention with respect to speaking authorizations for his medical providers. In *Arons v Jutkowitz* (9 NY3d 393, 409-411), the Court of Appeals provided the framework for conducting discovery with regard to nonparty healthcare providers, which includes the use of speaking authorizations. *Arons*, however, does not authorize defendant to obtain speaking authorizations for plaintiff's educators. We decline to extend *Arons* to require production of speaking authorizations to anyone other than nonparty healthcare providers. The *Arons* decision is narrow in scope and provides a framework as to how parties must procedurally comply with the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936) when attempting to speak with an adverse party's treating physician. Defendant made no showing that the discovery devices available under the CPLR and the Uniform Rules for the New York State Trial Courts were inadequate to obtain the necessary discovery. Thus, we agree with plaintiff that the court abused its discretion in granting that part of defendant's motion with respect to speaking authorizations for plaintiff's educators and in denying defendant's cross motion to that extent. We therefore modify the order accordingly.

Finally, contrary to plaintiff's contention, the court did not abuse its discretion in denying his cross motion to the extent that it sought reimbursement for the costs related to the rescheduled depositions of plaintiff and his mother (*see Hilley v Sanabria*, 12 AD3d 1188, 1189).

All concur except PERADOTTO and MARTOCHE, JJ., who dissent in part and vote to affirm in the following Memorandum: We respectfully dissent in part because we disagree with the majority that Supreme Court abused its discretion in conditionally granting that part of defendant's motion seeking to preclude plaintiff from presenting evidence at trial concerning his mental or physical condition unless plaintiff provided defendant with speaking authorizations for plaintiff's educational providers, and in denying plaintiff's cross motion to that extent. We would therefore affirm the order in its entirety.

Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of his exposure to lead-based paint while residing in a rental property owned by defendant. In his second amended bill of particulars, plaintiff alleged that his injuries include, inter alia, diminished cognitive function and intelligence, impaired academic achievement, disability that severely limits his educational attainment, decreased educational opportunities, and "serious impairment in school functioning." During the course of discovery, defendant sought the names and addresses of plaintiff's witnesses, including "[a]ll witnesses in connection with any issues concerning damages." In response thereto, plaintiff identified over 190 potential witnesses, including numerous employees of the Lee County School District and the Rochester City School District where plaintiff attended school (hereafter, educational providers). Defendant thereafter served plaintiff with "speaking authorizations"

for each of the potential witnesses identified by plaintiff, including the educational providers.  When plaintiff refused to sign the authorizations, defendant moved to preclude plaintiff from presenting evidence at trial concerning his mental or physical condition unless he provided defendant with the requested authorizations, and plaintiff cross-moved for a protective order relative to the speaking authorizations.

Contrary to the conclusion of the majority, we conclude that the court did not abuse its discretion in granting that part of defendant's motion for a conditional order of preclusion based on plaintiff's failure to provide defendant with the requested authorizations for his educational providers.  " '[I]t is well settled that a trial court has broad discretionary power in controlling discovery and disclosure, and only a clear abuse of discretion will prompt appellate action' " (*Cochran v Cayuga Med. Ctr. At Ithaca*, 90 AD3d 1227, 1227).  With respect to the scope of discovery, CPLR 3101 requires "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]; *see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954).  Although so-called "speaking authorizations" are not specifically identified as a disclosure device in article 31 of the CPLR or part 202 of the Uniform Rules for the New York State Trial Courts, the Court of Appeals has written that "there are no statutes and no rules expressly authorizing–or forbidding–ex parte discussions with *any* nonparty, . . . [and a]ttorneys have always sought to talk with nonparties who are potential witnesses as part of their trial preparation.  [CPLR a]rticle 31 does not 'close[] off' these 'avenues of informal discovery,' and relegate litigants to the costlier and more cumbersome formal discovery devices" (*Arons v Jutkowitz*, 9 NY3d 393, 409, quoting *Niesig v Team I*, 76 NY2d 363, 372).  The Court of Appeals further wrote, "Our decisions plainly permit informal discovery, and the Legislature has not directed to the contrary.  Absent such legislative direction, we decline to limit the scope of such discovery" (*id.* at 409 n 1).

We see no reason why nonparty educators should be less available than nonparty treating physicians under the principles articulated by the Court of Appeals in *Arons* (*see id.* at 408-409).  As the court noted in this case, while the number of authorizations defendant seeks is significant, it was *plaintiff* who provided the names to defendant in response to defendant's demand for that information, and defendant would bear the burden of contacting each named individual to determine whether he or she has relevant information.  We therefore conclude that the court properly granted that part of defendant's motion concerning speaking authorizations from plaintiff's educational providers and denied plaintiff's cross motion to that extent.

Entered:  May 3, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court