# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1161**
**CAF 13-00181**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF TYLER J. AND BRODY M.
------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-APPELLANT;

DAVID M. AND SHANA M., RESPONDENTS-RESPONDENTS.

---

RUTH A. CHAFFEE, BATH, FOR PETITIONER-APPELLANT.

HUNT & BAKER, HAMMONDSPORT (TRAVIS J. BARRY OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

ANDREW ROBY, ATTORNEY FOR THE CHILDREN, CANISTEO.

---

Appeal from an order of the Family Court, Steuben County (Peter
C. Bradstreet, J.), entered January 24, 2013 in a proceeding pursuant
to Family Court Act article 10.  The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the motion
with respect to respondent Shana M. and reinstating that part of the
petition, and as modified the order is affirmed without costs and the
matter is remitted to Family Court, Steuben County, for further
proceedings.

Memorandum:  Petitioner appeals from an order granting
respondents' motion to dismiss the neglect petition at the close of
petitioner's case during a fact-finding hearing.  Petitioner's
contention that Family Court erred in dismissing the petition is
limited to the allegation that the children are neglected children
based upon the misuse of alcohol by respondent mother, Shana M., and
thus petitioner has abandoned its contention with respect to
respondent father/stepfather, David M. (*see Ciesinski v Town of
Aurora*, 202 AD2d 984, 985).  With respect to the allegation of neglect
against the mother, her 16-year-old son testified that she drinks beer
nearly every day and that she often drinks beer all day and evening.
A caseworker testified that the younger son told her that his mother
starts drinking before he goes to school and is still drinking when he
goes to bed.  Viewing the evidence in the light most favorable to
petitioner, we conclude that petitioner established a prima facie case
of neglect based on the evidence that the mother "repeatedly misuses .
. . alcoholic beverages . . . to the extent that it has or would
ordinarily have the effect of producing in the user thereof a
substantial state of . . . intoxication" (Family Ct Act § 1046 [a]

[iii]; *see Matter of Alfonzo H. [Cassie L.]*, 77 AD3d 1410, 1411).  We thus conclude that the court erred in granting the motion to dismiss with respect to the mother.

We reject petitioner's contention that the court abused its discretion in precluding the testimony of a witness that petitioner failed to identify in response to respondents' demand for a list of petitioner's witnesses (*see generally McCarter v Woods*, 106 AD3d 1540, 1541).

We therefore modify the order accordingly, and we remit the matter to Family Court for further proceedings on the petition with respect to the mother.

Entered:  November 8, 2013                      Frances E. Cafarell
                                                Clerk of the Court