██ Maria Caminiti, Individually and as Administratrix of the Estate of Pasquale Caminiti, Deceased, Appellant, v Extel West 57th Street LLC et al., Respondents. [31 NYS3d 66]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about February 11, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion to compel plaintiff to provide an authorization permitting them to contact a nonparty medic who initially treated the

decedent, and denied plaintiff's cross motion for a protective order precluding defendants from relying on any information obtained through communications with the nonparty medic, unanimously affirmed, without costs.

On January 3, 2012, decedent Pasquale Caminiti was installing wires and cabling in apartments as part of a construction project in a building at 157 West 57th Street, in Manhattan. Decedent complained of chest pain to his coworker and collapsed into him. The coworker summoned the elevator and escorted decedent to the work site's medic, nonparty David B. Cannamela. Cannamela took decedent's vital signs and asked him questions to determine his level of consciousness. Decedent showed signs of disorientation. Cannamela made the decision to call an ambulance to transport decedent to the hospital.

Decedent was diagnosed with an aortic tear and underwent emergency surgery. He died on January 18, 2012 due to complications from surgery.

Plaintiff instituted this suit alleging personal injuries and wrongful death against the owner, developer, and general contractor of the project. On or about May 28, 2014, defendants served plaintiff with a notice for discovery and inspection demanding that plaintiff provide an authorization, pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]), permitting defendants to conduct an interview with "non-party treating medical provider" Cannamela. Defendants also sought access to medical records in Cannamela's control, including but not limited to progress notes, narrative reports, written reports and diagnostic films. Defendants asserted that Cannamela was the individual in the best position to testify as to decedent's medical status following the alleged accident.

Plaintiff objected on the ground that Cannamela was neither a medical doctor nor other medical professional within the contemplation of *Arons*.

The court properly granted defendants' motion to compel plaintiff to provide an authorization pursuant to *Arons* (9 NY3d 393). In *Arons*, "the Court of Appeals provided the framework for conducting discovery with regard to nonparty healthcare providers, which includes the use of speaking authorizations" (*McCarter v Woods*, 106 AD3d 1540, 1541 [4th Dept 2013]). An authorization is required because physicians, pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), "may not use or disclose an individual's protected health information to third parties without a valid authorization" (*Arons*, 9 NY3d at 413).

Cannamela may be considered decedent's "treating physi-

cian" or equivalent and thus a proper subject of such an authorization (*Arons*, 9 NY3d at 409). The medic observed decedent's physical and mental condition immediately following the alleged accident. He attempted to take decedent's blood pressure and to determine his level of alertness. Based on this brief evaluation, Cannamela made the decision to call an ambulance and have decedent taken to the hospital. This is sufficient to classify Cannamela as a "treating physician" within the contemplation of *Arons* (*see Porcelli v Northern Westchester Hosp. Ctr.*, 65 AD3d 176, 185 [2d Dept 2009] [referring to "treating physician(s) (or other health care professional[s])" as being the proper subject of an *Arons* authorization]).

Plaintiff's cross motion for a protective order, pursuant to CPLR 3103 (c), was properly denied because the email communications sent by the medic to defendants were not improperly obtained prior to defendants' request for authorization to interview the medic (*see Muzio v Anthony R. Napolitano, M.D., P.C.*, 82 AD3d 947, 948 [2d Dept 2011]). Although defendants received the emails before the request for an authorization, the emails did not contain any information that reasonably could be used to identify decedent (*see Jackson v Jamaica Hosp. Med. Ctr.*, 61 AD3d 1166, 1169 [3d Dept 2009]).

We have considered and rejected plaintiff's remaining arguments. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.