Leventhal v Bayside Cemetery (2018 NY Slip Op 04977)





Leventhal v Bayside Cemetery


2018 NY Slip Op 04977


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


7074N 100530/11

[*1] Steven R. Leventhal, etc., Plaintiff-Appellant,
v
Bayside Cemetery, et al., Defendants-Respondents, Community Association for Jewish At-Risk Cemeteries, Inc., Defendant.


Michael M. Buchman, New York (Michael M. Buchman of counsel), for appellant.
Axinn, Veltrop & Harkrider LLP, New York (Russell M. Steinthal of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 15, 2017, which denied plaintiff's motion to vacate a status conference order to the extent it denied his request for the disclosure of certain documents, unanimously affirmed, without costs.
Plaintiff seeks documents that defendants Bayside Cemetery and Congregation Shaare Zedek claim are subject to the attorney-client privilege on the ground that defendants have been committing a crime or fraud by commingling monies and diverting Bayside Cemetery's perpetual care trust monies for Shaare Zedek's benefit since the 1960s, and deceptively solicited his purchase price of a perpetual care trust fund in 1985 for three graves with the intent not to fulfill their perpetual care obligations.
On the prior appeal, we found that plaintiff failed to establish a claim of fraud because he alleged only that defendants entered into the perpetual care agreements with no intent to perform (Lucker v Bayside Cemetery, 114 AD3d 162, 175 [1st Dept 2013], lv denied 24 NY3d 901 [2014]). Therefore, plaintiff's argument that the crime-fraud exception applies to pierce the attorney-client privilege is barred by the doctrine of law of the case (see Matter of McGrath v Gold, 36 NY2d 406, 413 [1975]; Carmona v Mathisson, 92 AD3d 492, 492-493 [1st Dept 2012]; Politi v Irvmar Realty Corp., 13 AD2d 469, 469 [1st Dept 1961]).
In any event, plaintiff failed to show a factual basis for a finding of probable cause to believe that defendants committed a fraud or crime either when the perpetual care trust fund was created in 1985 or thereafter (see United States v Zolin, 491 US 554, 572 [1989]; Matter of New York City Asbestos Litig., 109 AD3d 7, 10 [1st Dept 2013], lv dismissed 22 NY3d 1016 [2013]; Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 1 AD3d 223 [1st Dept 2003]).
Plaintiff seeks production of the subject documents on the additional ground that defendants waived the attorney-client privilege by requesting legal advice from the Attorney General. In the letter making this request, defendants sought advice about financing Bayside Cemetery. As we determined on the prior appeal that plaintiff's only viable claim is to enforce the charitable trust (114 AD3d at 175), the financial records and perpetual care contracts submitted with the request for advice about financing are not material and plaintiff is not entitled [*2]to their production (see IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451, 452 [1st Dept 2013]; Surgical Design Corp. v Correa, 21 AD3d 409, 410 [2d Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK