John Mezzalingua Assoc., LLC v Travelers Indem. Co. (2019 NY Slip Op 09157)





John Mezzalingua Assoc., LLC v Travelers Indem. Co.


2019 NY Slip Op 09157


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1139 CA 18-02030

[*1]JOHN MEZZALINGUA ASSOCIATES, LLC, PLAINTIFF-RESPONDENT,
v
THE TRAVELERS INDEMNITY COMPANY, THE PHOENIX INSURANCE COMPANY, CAMPANY ROOFING COMPANY, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 






ROBINSON & COLE, LLP, HARTFORD, CONNECTICUT (GREGORY P. VARGA OF COUNSEL) AND HANCOCK ESTABROOK, LLP, SYRACUSE, FOR DEFENDANTS-APPELLANTS THE TRAVELERS INDEMNITY COMPANY AND THE PHOENIX INSURANCE COMPANY. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRADY J. O'MALLEY OF COUNSEL), FOR DEFENDANT-APPELLANT CAMPANY ROOFING COMPANY, INC.
LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 24, 2018. The order denied the motion of defendants the Travelers Indemnity Company and the Phoenix Insurance Company to compel document production from plaintiff, denied that part of the motion of Campany Roofing Company, Inc., to compel document production from plaintiff and granted plaintiff's motion to set parameters for discovery. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in part, vacating subparagraphs B and C of the second ordering paragraph, and granting the motions of defendant Campany Roofing Company, Inc. and defendants the Travelers Indemnity Company and the Phoenix Insurance Company insofar as they sought an in camera review of the documents created on or after October 24, 2016, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff, the owner of an engineering and manufacturing facility, commenced this action after rainfall entered and caused damage to the facility in October 2016. Plaintiff asserted a negligence cause of action against defendant Campany Roofing Company, Inc. (Campany) stemming from certain roofing work that Campany performed at the facility and asserted a breach of contract cause of action against defendants the Travelers Indemnity Company and the Phoenix Insurance Company (collectively, Travelers defendants) based upon the Travelers defendants' disclaimer of coverage for the loss. Plaintiff had filed a claim with the Travelers defendants for the loss and, on October 24, 2016, the Travelers defendants sent plaintiff a letter reserving their rights under the insurance contract and noting an exclusion in the policy for rain damage. Consequently, plaintiff hired litigation counsel and other consultants. On January 5, 2017, the Travelers defendants disclaimed coverage.
During discovery, a dispute arose over allegedly privileged documents that plaintiff withheld or redacted. In its privilege logs, plaintiff asserted that many of the documents were protected from disclosure on three grounds, i.e., that they were material prepared in anticipation of litigation (see CPLR 3101 [d] [2]), attorney work product (see CPLR 3101 [c]), or protected by the attorney-client privilege (see CPLR 4503 [1]). Plaintiff asserted that a few documents [*2]were not discoverable on the sole basis that they were materials prepared in anticipation of litigation. Campany and the Travelers defendants separately moved, inter alia, to compel plaintiff's disclosure of various documents or, in the alternative, for an in camera review of the documents. Plaintiff moved for, among other things, a protective order, contending that all communications involving attorneys or litigation experts on and after October 24, 2016 were presumptively privileged because the Travelers defendants and plaintiff contemplated litigation at that time. Supreme Court denied the Travelers defendants' motion, denied in part Campany's motion, and granted plaintiff's motion by, as relevant here, ordering that all documents of plaintiff created on and after October 24, 2016 were not discoverable because they were material prepared in anticipation of litigation. Campany and the Travelers defendants appeal.
Initially, we reject plaintiff's contention that the order is not appealable. CPLR 5701 (a) (2) (v) provides that, with limited exceptions, which are not applicable here, an appeal may be taken to this Court as of right from an order where the motion it decided was made upon notice and it "affects a substantial right." An order granting a protective order and precluding discovery of numerous documents affects a substantial right of Campany and the Travelers defendants, and the order is thus appealable as of right (see Surgical Design Corp. v Correa, 21 AD3d 409, 410 [2d Dept 2005]; Bristol v Evans, 210 AD2d 850, 850-851 [3d Dept 1994]; cf. Marriott Intl. v Lonny's Hacking Corp., 262 AD2d 10, 11 [1st Dept 1999]; see generally Neuman v Frank, 82 AD3d 1642, 1644 [4th Dept 2011]).
With respect to the merits, we conclude that Campany and the Travelers defendants met their initial burden on their respective motions of establishing that the documents withheld by plaintiff were material and necessary to their case (see CPLR 3101 [a]; see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). We further agree with Campany and the Travelers defendants that the court erred in issuing a blanket rule that all documents created on or after October 24, 2016 were not discoverable.
CPLR 3101 " establishes three categories of protected materials . . . : privileged matter, absolutely immune from discovery (CPLR 3101 [b]); attorney's work product, also absolutely immune (CPLR 3101 [c]); and trial preparation materials [CPLR 3101 (d) (2)], which are subject to disclosure only on a showing of substantial need and undue hardship' " (Forman v Henkin, 30 NY3d 656, 661-662 [2018]). "The burden of establishing a right to protection under these provisions is with the party asserting it— the protection claimed must be narrowly construed; and its application must be consistent with the purposes underlying the immunity' " (id. at 662; see Rickard v New York Cent. Mut. Fire Ins. Co., 164 AD3d 1590, 1591-1592 [4th Dept 2018]). "[A] court is not required to accept a party's characterization of material as privileged or confidential" (Rickard, 164 AD3d at 1592 [internal quotation marks omitted]). "Ultimately, resolution of the issue whether a particular document is . . . protected is necessarily a fact-specific determination . . . , most often requiring in camera review" (id. [internal quotation marks omitted]).
Here, plaintiff failed to meet its burden of establishing the applicability of any of the categories of protected materials (see id.). With respect to those documents that plaintiff contends were not discoverable because they were material prepared in anticipation of litigation, "[t]o fall within the conditional privilege of CPLR 3101 (subd [d], par 2), the material sought must be prepared soley in anticipation of litigation . . . Mixed purpose reports are not exempt from disclosure under CPLR 3101 (subd [d], par 2)' " (Zampatori v United Parcel Serv., 94 AD2d 974, 975 [4th Dept 1983]; see Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d 995, 996 [3d Dept 2013]; Bombard v Amica Mut. Ins. Co., 11 AD3d 647, 648 [2d Dept 2004]). The materials here that were prepared by third parties were mixed purpose reports, and plaintiff failed to establish that they were prepared solely in anticipation of litigation (see Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566-567 [2d Dept 2012]; see also Ligoure v City of New York, 128 AD3d 1027, 1028-1029 [2d Dept 2015]; Madison Mut. Ins. Co., 103 AD3d at 996). Because plaintiff "did not establish that the requested material was protected by the qualified immunity privilege set forth in CPLR 3101 (d) for material prepared exclusively in anticipation of litigation, the burden did not shift to [Campany and the Travelers defendants] to establish that they had substantial need' for the material and could not obtain it without undue hardship' " (Peralta v New York City Hous. Auth., 169 AD3d 1071, 1074-1075 [2d Dept 2019]; see Cascade Bldrs. Corp. v Rugar, 154 AD3d 1152, 1155 [3d Dept 2017]). We therefore modify the order by denying that part of plaintiff's motion seeking a protective order with respect to [*3]those documents created on or after October 24, 2016 that plaintiff alleged were not discoverable on the basis of only CPLR 3101 (d) (2). Under the circumstances of this case, we further modify the order by granting the motions of Campany and the Travelers defendants insofar as they sought in camera review of those documents, and we remit the matter to Supreme Court for an in camera review and for the redaction of any opinions contained in those documents (see Donohue v Fokas, 112 AD3d 665, 667 [2d Dept 2013]; Ural, 97 AD3d at 566-567; see generally Rickard, 164 AD3d at 1592).
With respect to those documents that plaintiff contends were attorney work product or protected by the attorney-client privilege, as Campany and the Travelers defendants note, many of the documents were shared with or prepared by third parties. Communications made in the presence of third parties ordinarily are not subject to the attorney-client privilege (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016]). Where, however, the third party is an agent of the attorney or the client, and his or her presence is deemed necessary to enable the attorney-client communications and the client has a reasonable expectation of confidentiality, the attorney-client privilege is not waived (see id.; Sevenson Envtl. Servs., Inc. v Sirius Am. Ins. Co., 64 AD3d 1234, 1236 [4th Dept 2009], lv dismissed 13 NY3d 893 [2009]). Likewise, the attorney work product privilege " extends to experts retained as consultants to assist in analyzing or preparing the case' " (Beach v Touradji Capital Mgt., LP, 99 AD3d 167, 170 [1st Dept 2012]). We conclude that the court must review these materials in camera to determine if the privileges were actually applicable (see Rickard, 164 AD3d at 1592; Ural, 97 AD3d at 566-567). We therefore further modify the order by vacating subparagraphs B and C of the second ordering paragraph and granting the motions of Campany and the Travelers defendants insofar as they sought in camera review of the documents created on or after October 24, 2016 that plaintiff alleged were attorney work product or protected by the attorney-client privilege, and we remit the matter to Supreme Court to determine the motions with respect to those documents following an in camera review thereof.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court